IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50458
Summary Calendar
_____

ROBERT EARL WASHINGTON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1093
- - - - - - - - - -
October 29, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Earl Washington, Texas prisoner # 644155, appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust available state remedies. Washington's motion for "Leave to file motion for supplemental brief for writ of habeas corpus" is GRANTED. All remaining outstanding motions are DENIED.

The district court granted Washington a certificate of appealability (COA) to appeal the following issue identified by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court:  whether "the byzantine Texas state law procedures for attacking [prison disciplinary] proceedings . . . offer an effective means of litigating federal constitutional claims" as applied to Washington.  Because Washington has not requested a COA from this court to address other issues, that is the only issue properly before us.  See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997); United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).

Because Washington did not file objections to the magistrate judge's report recommending that his petition be dismissed for failure to exhaust, this court's review is for plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

Although not artfully stated, Washington occasionally comments that he was denied an opportunity to pursue his step 1 and step 2 grievances.  Washington does not identify what event he sought to grieve, such as whether it related to the challenged disciplinary action.  Nor does he address the COA issue framed by the district court or explicitly state whether he appealed his disciplinary cases or otherwise attempted to exhaust his administrative remedies.  Pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Washington has failed to demonstrate that the district court plainly erred in dismissing his petition for failure to exhaust state remedies.  Accordingly, the judgment of the district court is AFFIRMED.