United States Court of Appeals,

Fifth Circuit.

No. 96-50809.

Mitchell LACKEY, Petitioner-Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division, Respondent-Appellee.

June 26, 1997.

Appeal from the United States District Court for the Western
District of Texas.

Before WISDOM, BENAVIDES and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Mitchell Lackey was convicted on various charges stemming from
the molestation of his four-year-old granddaughter. Lackey's
conviction was affirmed by the Fourth Court of Appeals of Texas;
Lackey did not appeal to the Texas Court of Criminal Appeals.
Lackey did file an application for state habeas relief but that
petition was denied. Lackey then filed a "Motion for Injunctive
Relief" in federal district court, which the district judge
interpreted as a request for federal habeas relief. Lackey claimed
that he was denied effective assistance of counsel. The district
court, noting that some of Lackey's claims had not been exhausted,
rejected all of Lackey's ineffective-assistance claims. However,
the district court did grant Lackey a Certificate of Appealability
(COA) on the question of whether Lackey's attorney provided
ineffective assistance of counsel when he elicited evidence about
Lackey's prior acts of sexual misconduct with his daughter (the

mother of the victim in this case). Finding no error, we affirm the district court's denial of habeas relief.

BACKGROUND

Jennifer Hoy (Jennifer) was four years old when she was molested by her grandfather, defendant Mitchell Lackey. A jury ultimately convicted Lackey for aggravated sexual assault, indecency with a child (contact), and indecency with a child (exposure). Lackey was sentenced to seven-and-one-half years' imprisonment for aggravated sexual assault and five years' imprisonment for each of the indecency convictions. Because this appeal implicates defense counsel's conduct with regard to eliciting damaging testimony against Lackey, we present only those facts relevant to that claim.

Tamarine Gail Lackey (Tammy)—defendant Lackey's ex-wife—testified for the defense that Jennifer and Lackey got along well. She testified that Lackey and Jennifer's parents had a dispute on October 31, 1991, when Tammy did not wish to take both of the Hoys' children, and that they had a later dispute involving an automobile. During the October 31 dispute, Lackey made a comment to John Hoy (Hoy) suggesting that Hoy did not trust Lackey with his children.

Hoy testified as a defense witness. Defense counsel asked Hoy whether he had a reason to distrust Lackey. Hoy stated, "[t]he reason is that about three years ago my wife had told me that he had sexually molested her when she was 13." Hoy testified on cross-examination that Rene Hoy (Rene) had been "sexually molested

2

and raped when she was 13 by her own father."

Lackey testified and denied having abused Jennifer. Lackey was unsure why he asked whether Hoy trusted him with the children. On cross-examination, Lackey testified in detail about molesting Rene one time when she was 12 or 13 years old. Defense counsel did not object. According to Lackey, he had a substance abuse problem at the time. Lackey denied that he molested Rene more than once. Rene was recalled by the State and testified in detail about two episodes during which Lackey sexually assaulted her.

PROCEDURAL HISTORY

Lackey's conviction was affirmed by the Fourth Court of Appeals of Texas. Thereafter, Lackey filed a "Motion for Injunctive Relief" in federal district court, in which he contended that he received ineffective assistance of counsel and that there was insufficient evidence to support his conviction. He requested a new trial. Lackey attached his state-court appellate brief and the Court of Appeals's opinion to his motion. The district court construed Lackey's motion as a petition for habeas corpus relief.

The State moved for dismissal of Lackey's petition for failing to exhaust state-law remedies because Lackey did not seek review by the Texas Court of Criminal Appeals. Lackey had filed an application for state habeas relief; that application was denied. The district court found that Lackey had exhausted some claims and failed to exhaust others; the district court rejected all of Lackey's claims on the merits. However, the district court granted Lackey a COA on the issue of whether counsel was ineffective by

3

eliciting testimony about Lackey's prior acts of sexual misconduct.

DISCUSSION

I. THE SCOPE OF OUR REVIEW

The threshold question we face is whether the scope of our appellate review is limited to the issue specified in the COA or whether the grant of a COA permits a habeas petitioner to raise issues other than those set forth in the COA. We conclude that under the plain terms of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), our review of Lackey's habeas petition is limited to the issue specified in the COA granted by the district court.

Under the AEDPA, a district court has the authority to issue a COA. *See Else v. Johnson,* 104 F.3d 82, 83 (5th Cir.1997) (per curiam) (on reconsideration). The district court in this case limited Lackey's COA to the issue of whether defense counsel provided Lackey ineffective assistance of counsel by eliciting testimony about Lackey's prior acts of molestation. On appeal, Lackey raises eight other claims, some of which were rejected by the district court, others which are raised for the first time on appeal. We have yet to address the question of whether a three-judge panel like this one must reach the eight issues that were not specified in the COA.

We need not look very far, however, for the answer. A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone. Section 2253(c)(3) states: "The certificate

4

of appealability under paragraph (1) *shall indicate which specific issue or issues* satisfy the showing required by paragraph (2)." (Emphasis added.) A COA issues only if the petitioner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). Accordingly, only those factual and/or legal issues which amount to a "substantial showing of the denial of a constitutional right" can be reviewed on appeal.[1] *See, e.g., Hill v. Johnson,* --- F.3d ----, ---- (5th Cir.1997); *Muniz v. Johnson,* --- F.3d ----, ---- (5th Cir.1997); *Lucas v. Johnson,* 101 F.3d 1045, 1046 (5th Cir.1996).

This conclusion is reinforced by looking to the language of pre-AEDPA § 2253, which did not state that CPCs must specify the issues for appellate review. *Muniz,* --- F.3d at ----. When Congress alters the wording of a statute, we must presume Congress intended a change in the law. *See Brewster v. Gage,* 280 U.S. 327, 337, 50 S.Ct. 115, 118, 74 L.Ed. 457 (1930). Moreover, if we were to conclude that § 2253(c)(3) of the AEDPA requires issue specification, yet hold that granting a COA brings up all issues raised before the district or circuit judge who issued the COA, we would render meaningless the specification language in § 2253(c)(3). Such a conclusion does not comport with the fundamental principle of statutory construction that every word in

---

[1]We do not suggest, of course, that if a federal habeas petitioner presents one issue to a district or circuit judge and a COA is granted without issue specification, that we would conclude failure to specify the issue for review amounts to noncompliance with § 2253(c)(3). *See Muniz,* --- F.3d at ---- n. 1 (relying on *Else,* 104 F.3d at 83).

a statute should be construed to have some operative effect. *See United States v. Nordic Village, Inc.,* 503 U.S. 30, 36, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992); *United States v. Rodriguez-Rios,* 14 F.3d 1040, 1044 (5th Cir.1994) (en banc).

In this appeal, Lackey (in addition to the issue specified in the COA) raises issues that were either rejected by the district court or raised for the first time in this court. We decline to address those issues rejected by the district court because they are outside the ambit of the COA. A contrary conclusion would risk inconsistent adjudication, a concern we recently suggested factors into a § 2253(c)(3) analysis. *See Muniz,* --- F.3d at ---- (declining to evaluate the issues that may be the subject of a COA when such a determination may be inconsistent with the district court's assessment of the viability of petitioner's federal habeas claims). And we decline to address those claims that Lackey has raised for the first time on appeal because those issues are deemed waived. *See Carter v. Johnson,* 110 F.3d 1098, 1112 (5th Cir.1997).

In short, the sole question presented in this appeal is whether Lackey was denied effective assistance of counsel when his attorney elicited information about Lackey's prior acts of sexual misconduct. We turn to that issue now.

II. LACKEY RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL

It is by now well settled that to prevail on an ineffective-assistance-of-counsel claim, Lackey must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466

U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  To prove deficient performance, Lackey has the burden of demonstrating that counsel's actions "fell below an objective standard of reasonableness."  *Id.* at 688, 104 S.Ct. at 2064.  And to prove prejudice, Lackey must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).

At the outset, we note that we entertain serious doubts about the veracity of Lackey's claim (raised in this appeal for the first time) that he actually informed his attorney that he had molested Rene. The Texas Court of Appeals found no evidence in the record suggesting that Lackey told counsel that he sexually abused Rene, and that counsel could not have been ineffective for failing to discover information Lackey could have disclosed but did not.  In addition, the district court noted that Lackey did not allege that counsel had reason to know Lackey abused Rene, thereby compelling the conclusion that counsel could not have been ineffective for accidentally eliciting the information at trial.

In general, counsel is not ineffective for failing to discover evidence about which the defendant knows but withholds from counsel.  *See Randle v. Scott,* 43 F.3d 221, 225 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 2259, 132 L.Ed.2d 265

7

(1995). Lackey alleges for the first time in this appeal that he informed counsel before trial that he had abused Rene sexually. This court reviews contentions not raised in the district court for plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428 (5th Cir.1996) (en banc). Only in the rarest of circumstances do errors involving issues of fact amount to plain error. *See Robertson v. Plano City of Texas,* 70 F.3d 21, 23 (5th Cir.1995).

Whether Lackey informed his attorney before trial that he had abused Rene sexually is a factual issue. Lackey has not demonstrated plain error regarding that issue. Lackey did not inform trial counsel about the previous sexual abuse before trial and our review of the record reveals that there is no evidence that Lackey's attorney knew or should have known about the prior abuse. It must therefore follow that counsel was not ineffective when he elicited testimony about the abuse during trial.

CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court denying Lackey federal habeas relief.

AFFIRMED.