IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41043
Summary Calendar
_____

VERDELL CLAY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-203
- - - - - - - - - -

September 16, 1999

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Verdell Clay, Texas prisoner # 527757, appeals from the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court granted Clay a COA on the following of Clay's arguments: 1) the evidence was not sufficient to support the jury's verdict convicting him of possession of heroin; 2) the trial court erred in allowing the introduction of testimony concerning extraneous offenses; and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3) the prosecutor made improper statements during closing arguments.

We have reviewed the record, the briefs of the parties, and the applicable law, and we find no reversible error. The evidence was sufficient to support Clay's conviction. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Clay's challenge to the trial court's evidentiary rulings on the admission of testimony of extraneous acts does not present a cognizable habeas claim because, even if erroneous, the court's rulings did not render Clay's trial fundamentally unfair. See Pemberton v. Collins, 991 F.2d 1218, 1226 (5th Cir. 1993). Similarly, even if the prosecutor's statements at closing were improper, Clay fails to demonstrate that the misconduct was "persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks." Jones v. Butler, 864 F.2d 348, 356 (5th Cir. 1988).

We do not reach the other issues raised by Clay because the only issues properly before this court are those on which the district court granted the COA. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997). The district court's judgment denying Clay's habeas petition is AFFIRMED. Clay's motion to file a reply brief out of time is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.