IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50025
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON MANGES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-169
USDC No. SA-94-CR-319-1
--------------------
December 6, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The district court granted to Clinton Manges, federal prisoner # 64001-080, a certificate of appealability (COA) to appeal the issue "whether, in light of United States v. Brumley [Brumley III], 116 F.3d 728 (5th Cir. 1997) (en banc), Manges was denied due process and a fair trial on charges of conspiracy [to commit mail fraud] under 18 U.S.C. §§ 371, 1343, 1346, as contained and addressed in Manges' Claim for Relief 1." Manges has not shown that the district court erred in holding that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not denied due process or a fair trial in view of Brumley III. In Brumley III, the court upheld the "honest services" theory and determined that to establish that a state official committed wire fraud, the Government must prove that the state official breached or violated a state duty. Brumley III, 116 F.3d at 734. This court may affirm Manges' conviction if either theory is supported by sufficient evidence. See Griffin v. United States, 502 U.S. 46, 56-60 (1991).

A review of the record indicates that Manges' conduct constituted a conspiracy to commit mail fraud under either the "honest services" theory as defined by Brumley III or the theory that he conspired to defraud the citizens of Texas of the mineral lease at issue. On direct appeal, the court determined that the evidence established that Manges and his codefendants induced Jack Giberson to accept false documents and to accept a $10,000 payment in order to prevent a state mineral lease from reverting back to the State of Texas for lack of production. See United States v. Manges, 110 F.3d 1162, 1167-68, 1172-73 (5th Cir. 1997). The court also stated that it was undisputed that the mineral lease should have reverted back to the State for lack of production. See id. at 1167. Thus, the evidence established that Manges induced Giberson to accept false documents and to accept something of value, depriving citizens of their intangible right to honest services. The evidence also established that Manges and his codefendants prevented the mineral lease from reverting to the State, and thereby, deprived the citizens of

Texas of the mineral lease and any revenue that might have been raised by releasing the mineral rights to another party.

For the first time on appeal, Manges argues that the indictment was legally insufficient because it did not allege that Manges and his codefendants induced Giberson to violate a state-law imposed duty. This court's review is limited to the issue or issues on which the district court granted a COA. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

AFFIRMED.