IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30893
Summary Calendar

_____

JERRY CHAPMAN,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-733-J
--------------------
April 12, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerry Chapman, Louisiana prisoner # 91526, appeals the district court's dismissal of his 28 U.S.C. § 2254 application for a writ of habeas corpus as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Chapman contends that the AEDPA's limitations period should have been tolled during the time his properly filed application for state post-conviction review was pending in state court.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chapman's federal habeas application is untimely even if the limitations period is tolled pursuant to 28 U.S.C. § 2244(d)(2).

Chapman's brief may also be liberally construed as raising an argument that the AEDPA's limitations period impermissibly interferes with the limitations period for the filing of state habeas applications.  That argument is without merit.  See Villegas v. Johnson, 184 F.3d 467, 469-73 (5th Cir. 1999); Graham v. Johnson, 168 F.3d 762, 775-80 (5th Cir. 1999), cert. denied, 529 U.S. 1097 (2000).

Finally, Chapman argues that the prosecution withheld evidence in violation of Brady v. Maryland, 373 U.S. 83, 86 (1963); the prosecution knowingly allowed its key witness to commit perjury; and he was denied a fair trial.  This court does not have jurisdiction to review those claims because Chapman did not obtain a Certificate of Appealability as to those issues. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

AFFIRMED.