IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31198
Summary Calendar

_____


ERIN HUNTER,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-770-R
--------------------
January 14, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Erin Hunter, Louisiana prisoner # 111799, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. A judge on this court granted Hunter a certificate of appealability (COA) on two issues: (1) whether the state withheld Vanessa Causey's grand jury testimony from Hunter in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (2) whether trial counsel rendered ineffective assistance by not adequately cross-examining Causey and not introducing evidence necessary to impeach Causey. Hunter presents argument on several other issues. Because COA was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not granted on these issues, we may not consider them.  See 28 U.S.C. § 2253; see also Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

The state court adjudicated the Brady issue on its merits. See State v. Hunter, 648 So. 2d 1025, 1033-34 (La. Ct. App. 1994). Accordingly, Hunter can receive relief on this claim only by showing that the state court acted objectively unreasonably in denying this claim.  See Nobles v. Johnson, 127 F.3d 409, 416 (5th Cir. 1997); Trevino v. Johnson, 168 F.3d 173, 181 (5th Cir.), cert. denied, 527 U.S. 1056 (1999); Orman v. Cain, 228 F.3d 616, 621 (5th Cir. 2000).  Hunter has not made this showing.

The state court also adjudicated on the merits the ineffective-assistance issue as to Hunter's allegations regarding counsel's not using portions of the initial police report to impeach Causey.  See Hunter, 648 So. 2d at 1030-31.  Thus, as with his Brady issue, Hunter can receive relief on this issue only if he can show that the state court acted objectively unreasonably in denying this claim.  See Bryant v. Scott, 28 F.3d 1411, 1414 (5th Cir. 1994); Nobles, 127 F.3d at 416; Orman, 228 F.3d at 621.  Also as with his Brady issue, Hunter had not made the requisite showing of objective unreasonableness in relation to this ineffective-assistance claim.

Hunter also argues that counsel rendered ineffective assistance by not introducing other documents and using them to cross-examine Causey.  This claim was not considered by the state court and thus receives de novo review.  See Nobles, 127 F.3d at 416.  Hunter has not shown that counsel's cross-examination of

Causey was deficient or that this cross-examination prejudiced Hunter's defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Hunter has not shown that he is entitled to relief on his <u>Brady</u> or ineffective-assistance claims.  Accordingly, the judgment of the district court is AFFIRMED.