IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20901
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NHAN KHIEM TRAN, also known as Tony Tran,
also known as Larry Tran,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1686
USDC No. H-89-CR-135-2
--------------------
April 1, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nhan Khiem Tran ("Tran"), federal prisoner # 48684-079, appeals the district court's denial of his motion filed pursuant to Fed. R. Civ. P. 60(b). Tran argues that the district court erred in determining that Dirks was authorized to sign his motion filed pursuant to 28 U.S.C. § 2255 as Tran's authorized agent because Dirks does not qualify as Tran's next friend. Even assuming that the district court erred when it determined that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dirks was Tran's agent, "[i]t is not enough that the granting of [Rule 60(b) relief] might have been permissible, or even warranted--denial must have been so <u>unwarranted</u> as to constitute an abuse of discretion." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981). Tran did not demonstrate in his Rule 60(b) motion, nor does he show on appeal, that he was prejudiced in any particular way by Dirks signing Tran's name to the motion. Thus, he fails to show that the district court's denial of his Rule 60(b) motion was an abuse of discretion.

Tran also argues that Judge Hughes should be recused from his case. This court will not address this argument because the COA was granted only on the issue discussed above. See <u>Lackey v. Johnson</u>, 116 F.3d 149, 151-152 (5th Cir. 1997).

The motion to supplement the record is moot in light of the opinion.

AFFIRMED.