# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 01-60474

_____


**CHARLIE LEE TAYLOR,**

**Petitioner-Appellant,**

**versus**

**C. DAVID TURNER,**

**Respondent-Appellee.**

_____

Appeal from the United States District Court
for the Northern District of Mississippi
Civil Docket No. 1:01-CV-17-S-D
_____

April 9, 2002

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

After Charlie Lee Taylor petitioned for a writ of habeas corpus in the district court, the district court dismissed the petition without prejudice for the reason that Taylor, who had omitted to file a petition for discretionary review with the Mississippi Supreme Court, had not exhausted his state court remedies. 28 U.S.C. § 2254(b). Taylor filed a notice of appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which the district court construed as a request for a certificate of appealability (COA). 28 U.S.C. § 2253(c). The district court granted a COA as to the question whether Taylor had exhausted his available state remedies. 28 U.S.C. § 2253(c)(3).

Taylor's discussion of the exhaustion requirement takes up only about two pages of his brief, and it does not directly address the question on which the COA was granted: whether Taylor had exhausted his available state court remedies. Instead, Taylor contends that he was not required to exhaust those remedies.[1] Taylor's discussion gives no reason to believe that the district court erred in deciding the issue before us.[2]

28 U.S.C. § 2254(c) provides that an applicant for a writ of habeas corpus "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728 (1999), the Supreme Court held that state prisoners must present their claims to a state supreme court in a petition for discretionary review in

---

[1] Taylor discusses various other issues in his brief, but he does not request this court to grant a COA as to these issues. Regardless of whether these issues were raised before the district court in Taylor's COA application, this court need not address them. Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

[2] Cf. Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.").

2

order to satisfy the exhaustion requirement of § 2254.  <u>Id.</u> at 839-40, 119 S.Ct. at 1730.  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  <u>Id.</u> at 845, 119 S.Ct. at 1732.  Because Taylor has the right under Mississippi law to raise on certiorari petition in the state supreme court the questions presented in his petition for a writ of habeas corpus, he has not exhausted the remedies available in the Mississippi courts.  The district court correctly held that he did not meet the exhaustion requirement of § 2254 simply by obtaining judgment from the Mississippi Court of Appeals.

Judgment **AFFIRMED.**