## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 01-40872
### Summary Calendar
_____

MATTHEW THOMAS CLARKE,

                                                         Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                                      Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CV-235
--------------------
June 7, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Matthew Thomas Clarke, Texas prisoner # 478025, appeals following the denial of his 28 U.S.C. § 2254 application. The district court granted a narrowly-drawn certificate of appealability (COA) on Clarke's claim that his right to a speedy trial was violated with respect to his retrial on the issue of punishment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clarke first argues that the state appellate court's adjudication of his speedy trial claim was based on "myths" that are contradicted by the state record. We construe this as an argument that the state appellate court's adjudication of Clarke's speedy trial claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). After a thorough review of the state record, we have determined that Clarke has not pointed to an aspect of the state appellate court's adjudication that was based on an unreasonable determination of the facts.

Clarke also submits that the state appellate court's adjudication of his claim was contrary to clearly established federal law as established by Barker v. Wingo.[1] In this vein, Clarke contends that the state appellate court concluded that he had not asserted his right to a speedy trial until his motion for a speedy trial was denied by the state trial court. We do not endorse Clarke's strained reading of the state appellate court's opinion. The state appellate court recognized that Clarke asserted his right to a speedy trial upon filing a "motion for speedy retrial" on November 17, 1993, approximately one year after the conviction on his second extraneous offense became final. See Clarke v. State, 928 S.W.2d 709, 713, 718 (Tex. App. 1996).

Clarke also contends that the state appellate court's determination that his two-year delay in asserting his right to a

_____

[1] 407 U.S. 514 (1972).

speedy trial contributed to the impairment of his defense was contrary to clearly established federal law. Clarke has not shown that, had he timely and forcefully asserted his right to a speedy retrial on punishment, he would not have been tried at an earlier date. See United States v. Howard, 577 F.2d 269, 271 (5th Cir. 1978)(noting that trial court might have imposed sentence at an earlier date had the defendant timely asserted his right). Clarke has failed to show that the state appellate court's decision was contrary to clearly established federal law as determined by the Supreme Court. See Williams v. Taylor, 529 U.S. 362, 405-06 (2000); 28 U.S.C. § 2254(d)(1).

Giving liberal construction to Clarke's pro se brief, we also consider whether the state appellate court's decision involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Because Clarke's efforts to obtain a speedy trial lacked "frequency and force," Barker, 407 U.S. at 529, the state court's determination that the third Barker prong weighed heavily against Clarke was not objectively unreasonable. See Williams, 529 U.S. at 409. In view of Clarke's lengthy delay in asserting his right to a speedy trial, and his failure to assert the right until after his convictions on the extraneous sexual offenses were final, we further conclude that the state appellate court's decision to attribute prejudice to Clarke, and its ultimate denial of relief, were not objectively unreasonable. "[T]he failure to assert the right will make it difficult for a defendant

to prove that he was denied a speedy trial." <u>Barker</u>, 407 U.S. at 532.

Clarke's remaining arguments, which concern the alleged "duplicity" of the state appellate court, the "demand-waiver" rule, and the impact of Texas statutes and rules of court, are either expressly excluded from the COA granted by the district court or are clearly outside its scope. Accordingly, we cannot consider them. <u>See</u> <u>Lackey v. Johnson</u>, 116 F.3d 149, 151 (5th Cir. 1997).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.