United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-20301
Summary Calendar

_____

LOUIS DONNELL TALBERT,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Texas
(H-00-CV-2260)**

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Louis Donnell Talbert, Texas prisoner # 805926, was convicted of aggravated robbery. He appeals the dismissal of his 28 U.S.C. § 2254 petition as time-barred. (Talbert's motion to supplement the record with the state court's mandate from his direct appeal and from the denial of his first state application for postconviction relief is **DENIED** as moot, as discussed *infra*.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our court granted a certificate of appealability (COA) on two issues: (1) whether the Texas Court of Criminal Appeals issues a mandate from the denial of a state application for postconviction relief; and (2) whether, for purposes of determining the limitations period under 28 U.S.C. § 2244(d)(2), the state application remains pending until the mandate issues.

"The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection". 28 U.S.C. § 2244(d)(2). Talbert contends that the state court's judgment remains pending until the mandate issues, or, if no mandate issues, for 25 days following that judgment pursuant to TEX. R. APP. P. 18.1(b) and 79.1.

We need not determine whether a state habeas application is "pending" until either a mandate issues or 25 days from the state court judgment. First, no mandate from the state court's denial of Talbert's first application for postconviction relief is contained in the record; and, in response to the motion to supplement the record with the mandate, the appellee has stated that no mandate issued. Second, even assuming Talbert was entitled to 25 days of tolling for the issuance of the mandate pursuant to Rules 18.1(b) and 79.1, *but see* TEX. R. APP. P. 79.2, he concedes that his § 2254 petition had to have been filed by 11 June 2000. Talbert failed, however, to file his petition until 26 June, at the earliest.

2

Therefore, regardless of whether his state petition remained "pending", it was untimely.

Talbert raises several other issues. Because they are beyond the scope of the COA, we do not address them. *E.g.*, **Lackey v. Johnson**, 116 F.3d 149, 151 (5th Cir. 1997) (review limited to the issues specified in COA).

**AFFIRMED; MOTION DENIED**