United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40925
Summary Calendar

PAUL ALLAN LARSON,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-59
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Paul Allan Larson, Texas prisoner # 452522, appeals the

denial of his 28 U.S.C. § 2254 petition challenging disciplinary

proceeding # 20030044031.  Larson was granted a certificate of

appealability (COA) on the issue whether he was deprived due

process when he was allegedly denied the right to call witnesses

in his defense.  See Larson v. Dretke, No. 03-40925 (5th Cir.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dec. 22, 2003) (unpublished). Larson has also moved to supplement the record and for appointment of counsel.

Review of the disciplinary hearing transcript does not support Larson's contention that he was denied the opportunity to call defense witnesses. The hearing officer provided Larson with such an opportunity; inmate Daniel Johnson was called to testify on his behalf, and Larson did not ask to present any other witnesses. Although Larson stated that other witnesses could testify that his property was already packed and ready for the move to the north gym, the charging officer did not dispute this fact. Witness testimony on that issue would therefore have been cumulative. Consequently, the absence of testimony on this issue did not result in a due process deprivation. See Wolff v. McDonnell, 418 U.S. 539, 663-66 (1974).

Insofar as Larson asks this court to revisit his claims of ineffective assistance of counsel substitute and insufficiency of the evidence, we decline to do so as theses issues are outside the scope of the COA grant. See Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.