United States Court of Appeals

Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40393
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN VASQUEZ-SANCHEZ,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CV-210
USDC No. 5:01-CR-1174-13

--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ruben Vasquez-Sanchez ("Vasquez"), federal prisoner # 14860-079, appeals the district court's denial of his motion to vacate pursuant to 28 U.S.C. § 2255. Vasquez filed the motion to challenge his 156-month sentence for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. This court granted a certificate of appealability ("COA") on whether Vasquez's defense counsel rendered ineffective assistance in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection with the following enhancements to Vasquez's offense level: (1) the three-level enhancement for aggravating role in the offense pursuant to U.S.S.G. § 3B1.1(b) and (2) the two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

Vasquez asserts that his counsel was deficient in failing to argue that there was insufficient evidence to support the enhancement under U.S.S.G. § 3B1.1(b) for manager/supervisor. Vasquez asserts that the record demonstrates that the only person he instructed was a confidential informant ("CI"), who under U.S.S.G. § 3B1.1(b), does not qualify as a "participant."

A defendant's base offense level may be increased three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." See U.S.S.G. § 3B1.1(b). To qualify for an adjustment under this section, the defendant must have been the . . . manager[] or supervisor of one or more other participants." See U.S.S.G. § 3B1.1, comment. (n.2). Application note two to U.S.S.G. § 3B1.1, however, recognizes an exception to the control requirement if a defendant "exercised management responsibility over the property, assets, or activities of a criminal organization." See U.S.S.G. § 3B1.1, comment. (n.2); see also United States v. Ronning, 47 F.3d 710, 712 (5th Cir. 1995); United States v. Lopez-Urbina, ___ F.3d ___, 2005 WL 1940118, at **13-14 (5th Cir. Aug. 15, 2005).

The record reflects that Vasquez was a partner in the drug-trafficking organization. Vasquez was responsible for transporting loads of narcotics smuggled from Mexico to the organization's stash houses in Laredo, Texas. He was also responsible for negotiating and arranging the delivery of the narcotics to certain destinations in the country. Vasquez admitted during rearraignment that he acted as an intermediary in arranging and escorting the transportation of the marijuana. Vasquez often used a CI as his means of storing and transporting the narcotics. The record further reflects that Vasquez was transporting his own personal loads of narcotics. These actions are all indicia of Vasquez's elevated role in the criminal organization. Thus, the district court did not clearly err in applying the U.S.S.G. § 3B1.1(b) enhancement. See Lopez-Urbina, 2005 WL 1940118, at *14. As such, it cannot be said that his counsel rendered ineffective assistance at sentencing. See Strickland v. Washington, 466 U.S. 668, 688-89 (1984).

Vasquez also argues that his defense counsel rendered ineffective assistance in connection with the enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). Vasquez asserts that there was insufficient evidence to show that he possessed any firearms or that it was foreseeable to him that his co-conspirators would possess firearms.

Section § 2D1.1(b)(1) provides for a two-level increase to a defendant's base offense level "[i]f a dangerous weapon (including

a firearm) was possessed" during the commission of a drug trafficking offense. See U.S.S.G. § 2D1.1(b)(1); United States v. Garza, 118 F.3d 278, 285 (5th Cir. 1997). One co-conspirator may ordinarily be assessed a U.S.S.G. § 2D1.1(b)(1) increase in view of another co-conspirator's possession of a firearm during the drug conspiracy so long as the use of the weapon was reasonably foreseeable. United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993) (citing United States v. Aguilera-Zapata, 901 F.2d 1209, 1215-16 (5th Cir. 1990)).

According to the record, 1,052 pounds of marijuana and 13 firearms, including an AK-47 assault rifle, were found in co-conspirator's, Jorge Hernandez's, residence which was located at 111 Allende Street. The residence was a stash house for the drug-trafficking organization. The record reflects that Vasquez had a load of marijuana delivered to the residence for safe storage. "It was readily foreseeable that firearms would be employed as tools of the drug-trafficking trade." See Garza, 118 F.3d at 286. Thus, the district court did not clearly err in applying the U.S.S.G. § 2D1.1(b)(1) enhancement. Id. As such, Vasquez's counsel was not ineffective at sentencing. Strickland, 466 U.S. at 688-89.

Vasquez has filed a motion to supplement his brief on appeal. He seeks to challenge his sentence under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). This court cannot consider a habeas claim unless a COA has been issued on that claim. See Lackey v. Johnson, 116 F.3d 149, 151

(5th Cir. 1997); <u>United States v. Williamson</u>, 183 F.3d 458, 464 n.11 (5th Cir. 1999).  Accordingly, Vasquez's motion is DENIED. The judgment of the district court denying his 28 U.S.C. § 2255 is AFFIRMED.