IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-73,775






EX PARTE GABRIEL GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM BEXAR COUNTY






 Keller, P.J., filed a dissenting opinion.



 The Court holds that counsel was ineffective because he did not ask applicant or his family
whether applicant had been abused as a child. The Court points out that counsel did ask applicant
to relate how he grew up and that counsel conducted interviews with applicant's mother and sister
that started "globally in nature." The Court does not claim that these interviews, or any other
information possessed by counsel, suggested in any fashion that abuse might have been an issue in
the case, nor does the Court point to any "leads," which, if diligently followed, could have resulted
in uncovering the abuse evidence now presented before us. Rather, the Court appears to be
articulating a per se rule requiring counsel to specifically inquire into the question of abuse in every
capital murder prosecution. Basically, counsel must always ask the defendant, "Were you abused
as a child?" and must pose similar questions to any available family members. 

 The Court cites no cases imposing such a requirement at the time counsel represented
applicant, and I have found none. There are cases from the 1990's suggesting that counsel is not
required to inquire into a subject without some sort of indication that the subject might be an issue
in the case. In holding that counsel was not ineffective for failing to investigate and discover mental
disorders allegedly suffered by the defendant, the Tenth Circuit explained that counsel was not aware
that this mental impairment claim was a possible issue because "essential and foundational
information required to trigger such a claim [was] withheld from the defendant's attorney by the
defendant himself." (1) The court suggested that counsel cannot be faulted for "failing to raise claims
as to which the client has neglected to supply the underlying facts . . . clairvoyance is not required
of effective trial counsel." (2) The Fifth Circuit found that counsel was not ineffective when he
accidentally elicited testimony that appellant had sexually abused a witness in the case because the
defendant did not inform counsel of the abuse and there was no evidence that counsel knew or
should have known it. (3) In connection with its holding the Fifth Circuit observed, "In general,
counsel is not ineffective for failing to discover evidence about which the defendant knows but
withholds from counsel." (4)

 In 1996, in Lambrix v. Singletary, the Eleventh Circuit rejected (in a death penalty case) an
ineffective assistance claim based on an attorney's failure to discover the defendant's "childhood
experiences of sexual abuse [and] physical abuse" by his parents and a neighbor. (5) The court
explained that, during defense counsel's investigation, neither the defendant nor his relatives gave
any indication that the defendant had suffered such experiences. (6) There was no documentary
evidence of abuse or neglect, and, in an interview with a defense psychologist, the defendant "denied
any physical or sexual abuse by his parents." (7) Although the defendant had not specifically denied
sexual abuse by the neighbor, the court concluded, in light of the defendant's brother's testimony
at the sentencing hearing portraying the neighbor as a good influence, that counsel had no indication
that the abuse had occurred. (8) Consequently, the court concluded that "nothing . . . put the counsel
on notice of the existence of the [abuse] evidence," and therefore, counsel was not ineffective. (9)

 Although the defendant's denial of abuse with respect to his parents is a fact that could
distinguish Lambrix from the present case, the Eleventh Circuit opinion could nevertheless be taken
to suggest that a defense attorney has no duty to inquire about abuse where he has not been supplied
with a reason to suspect it had occurred. The Lambrix court did not suggest that counsel himself
ever asked the defendant whether he had been abused nor did it suggest that his family members
were asked by anyone whether abuse had taken place. The court specifically noted that appellant
had not denied abuse by the neighbor, but counsel was not taken to task for failing to ask the
defendant a broad question regarding abuse that might have elicited the information.

 In 2003, the question before us was directly confronted in a death penalty case by the
Supreme Court of Mississippi in Simon v. State, where the court held that it would "not find that trial
counsel's conduct fell below the ordinary standard of assistance of counsel because he did not
inquire - without prompting - into the possibility of abuse of his client as a child." (10) The court
observed that none of the defendant's post-trial affidavits alleged that "counsel was ever told before
or during the sentencing phase of trial that Simon was abused as a child." (11)

 In its recent opinion in Summerlin v. Schriro, the Ninth Circuit may have suggested the same
rule the Court announces in the present case. (12) The Ninth Circuit contended that counsel's
"investigation should include inquiries into social background and evidence of family abuse." (13) The
court also said that defense counsel's inquiry should include the examination of mental health
records, the defendant's physical health history (for evidence of organic brain damage and other
disorders), and any history of drug and alcohol abuse. (14) The court commented that its list was "not
meant to be exhaustive, but only illustrative of the minimal type of 'objectively reasonable'
investigation any competent capital defense attorney should conduct in preparing a penalty phase
defense, even at the time Summerlin's case was tried." (15) Summerlin's case was tried in 1982. (16)

 Confronting the facts before it, the Ninth Circuit held that had defense counsel "conducted
even a minimal investigation," he would have learned of the following: (1) the defendant's "tortured
family history, including the fact that" his "alcoholic mother beat him frequently and punished him
by locking him in a room with ammonia fumes," (2) that the defendant's mother sent the defendant
to receive "electroshock treatments to control his explosive temper," (3) that the defendant had "a
learning disability that left him functionally mentally retarded," and (4) that the defendant "had been
diagnosed as a paranoid schizophrenic and treated with anti-psychotic medication." (17)

 To the extent that the Ninth Circuit's opinion can be interpreted as concluding that competent
counsel would have known in 1982 to specifically inquire into the possibility of abuse, even absent
any leads, I must disagree. The court cited no cases or any other authority for that proposition, and
the only case it cited for the proposition that counsel has a duty to investigate was another 2005
Ninth Circuit decision, Boyde v. Brown. (18) In Boyde, however, the attorney was aware of evidence
of abuse but failed to investigate it further. (19) In any event, Summerlin could be construed as holding,
not that counsel would be ineffective for failing to inquire into a closely guarded secret known only
to the defendant and his family, but that counsel was in fact ineffective because the abuse, and the
mental damage it caused, was not a closely guarded secret, but was supported by an abundance of
documentary evidence that could have readily been found. 

 In the present case, counsel did talk to applicant and members of the family, and the
interviews afforded the opportunity to talk about the abuse applicant now alleges he suffered. I
respectfully disagree with the Court's claim that reasonably competent counsel would have known,
at the time he represented applicant in this case (1994-1997), that he had a duty to specifically raise
the topic of abuse in the absence of any indication whatsoever that any abuse had occurred. 

Date filed: October 18, 2006

Publish
1. United States v. Miller, 907 F.2d 994, 999 (10th Cir. 1990).
2. Id. (quoting Dooley v. Petsock, 816 F.2d 885, 891 (3rd Cir. 1987)).
3. Lackey v. Johnson, 116 F.3d 149, 152-153 (5th Cir. 1997).
4. Id. at 152.
5. 72 F.3d 1500, 1505-1506 (11th Cir. 1996), aff'd, 520 U.S. 518 (1997).
6. Id. at 1505.
7. Id. at 1505-1506.
8. Id. at 1506 n.9.
9. Id. at 1506.
10. 857 So. 2d 668, 685 (Miss. 2003)(emphasis added), cert. denied, 541 U.S. 977 (2004). 
11. Id.
12. 427 F.3d 623 (9th Cir. 2005), cert. denied, 126 S. Ct. 1880 (2006). 
13. Id. at 630.
14. Id.
15. Id. at 631.
16. See Summerlin v. Stewart, 341 F.3d 1082, 1089 (9th Cir. 2003), rev'd, 542 U.S. 348
(2004).
17. Summerlin v. Schriro, 427 F.3d at 631.
18. Id. at 630 (citing Boyde, 404 F.3d 1159, 1176 (9th Cir. 2005)).
19. Boyde, 404 F.3d at 1176-1177.