United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-30289
Summary Calendar

—————————

TROY HOPKINS,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-343
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

The district court granted Troy Hopkins, Louisiana prisoner #130084, a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition. Specifically, the district court granted COA with respect to whether his "claims were not procedurally barred by La. C.Cr.P. art. 930.4(A) and URCA 4-5 because his failure to comply was a result of the denial of his requests for court records and transcripts." This court does not address issues discussed on appeal by Hopkins or the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

State that are not within the scope of the COA grant.  See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

The state appellate court determined that some of Hopkins's state habeas claims were barred by LA. CODE CRIM. PROC. art. 930.4(A) and that Hopkins's writ application to that court failed to comply with U.R.C.A. 4-5 because it failed to include a copy of the state district court's judgment denying his state habeas petition, a copy of pertinent court minutes, and a copy of the judge's reasons for the judgment.  We need not address the part of the district court's COA grant that is related to LA. CODE CRIM. PROC. art. 930.4(A) because, for the reasons discussed below, Hopkins does not establish cause for his failure to comply with U.R.C.A. 4-5.

Hopkins has stated both in the district court and in his original brief to this court that his writ application to the state appellate court contained only a cover page and copies of his state habeas and supplemental habeas petitions.  He asserts that he was prevented from complying with Rule 4-5 because his requests for his trial record have been denied.

Whether requests by Hopkins for trial transcripts or the trial record were denied is irrelevant to whether Hopkins has established cause for failing to comply with Rule 4-5 because the state appellate court did not find that Hopkins's writ application was incomplete based upon the lack of a trial record or trial transcripts.  Moreover, Hopkins has not shown that he

requested a copy of the state district court's judgment denying his state habeas petition and the relevant court minutes and that such a request was denied.

Contrary to his assertions that he was unable to comply with Rule 4-5, Hopkins alleges in his reply brief, as he did in his COA motion to the district court, that he complied with Rule 4-5 by attaching a copy of the state district court's judgment to his writ application. In his COA motion to the district court, Hopkins asserted that his compliance with Rule 4-5 was "clear" from reviewing his exhibits to his § 2254 petition. His exhibits to his § 2254 petition, however, included only an unstamped, unfiled writ application to the state appellate court and that writ application indicated that there was an appendix that contained a denial of habeas relief by the Orleans Parish Criminal District Court. The denial of habeas relief in this case was by a district court in Caddo Parish, not Orleans Parish. Regardless, the writ application included in Hopkins's exhibits to his § 2254 petition did not include a copy of a district court judgment from either Orleans or Caddo Parish.

Moreover, the State has produced a copy of a writ application that was signed by Hopkins and filed in the state appellate court. It is clear that this writ application challenged the state district court's denial of Hopkins's state habeas and supplemental habeas petitions and that the writ

application consisted of only a cover page and copies of those petitions without any accompanying attachments.

Hopkins's assertion that he submitted a copy of the state district court's judgment to the state appellate court is not credible based upon his earlier and contrary assertions in the district court and in this court that his writ application contained only a cover page and copies of his state habeas petitions.  Moreover, his earlier assertions are supported by the signed and filed writ application submitted by the State, and his later assertion that he submitted a copy of the state district court judgment to the state appellate court finds no support in the unsigned, unfiled writ application that was included as an exhibit to Hopkins's § 2254 petition.  As Hopkins has not shown that he submitted a copy of the state district court's judgment or the relevant court minutes with his writ application to the state appellate court and because he has not shown cause for his failure to do, the district court's judgment denying his § 2254 petition is AFFIRMED.