# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2010

No. 09-60715
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODERICK STUTTS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-596
USDC No. 3:04-CR-78-1

Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roderick Stutts was convicted in 2005 by a jury on four counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and he was sentenced to 121 months of imprisonment on each count to run concurrently and five years of supervised release. We affirmed his convictions on direct appeal. Stutts now appeals the district court's denial of his 28 U.S.C. § 2255 motion. The district court granted a certificate of appealability

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(COA) on Stutts's "ineffective assistance of counsel claim arising from counsel's alleged failure to investigate."

Stutts argues that his trial counsel's representation was deficient because counsel failed to investigate and offer trial testimony of witnesses who were present when the alleged drug transactions took place.  He also contends that counsel failed to investigate the layout of the tire shop where three of the four alleged drug transactions occurred.

For purposes of analysis, the district court assumed that counsel's performance was deficient and that counsel should have investigated and presented evidence of the layout of the shop and the testimony of the employees in the shop.  The district court was not persuaded that Stutts had shown prejudice.  The district court's conclusion is based on its review of the surveillance videotapes which showed that the employees were not in the bay area or the office at all times but were often outside where they would not have been in a position to see what was happening in the shop bay.  The district court notes that on the day of the first buy, two employees were sitting in chairs outside the shop while Stutts and Ward were inside.  On another video, the district court notes that Eugene "Shorty" Jones could be seen moving back and forth inside and outside of the shop moving tires and rims and assisting customers.  The district court concluded that the "videotapes thus belie the suggestion that a transaction did not occur because employees did not see the transaction occur.  Certainly, it cannot be said that there exists a reasonable probability that the outcome of the trial would have been different had trial counsel presented evidence of the shop layout and testimony of shop employees." The district court further noted from its review of the videos that Ward "made no effort to hide from Stutts's employees either his occupation as a drug dealer or that he was at the tire shop to do drug business with Stutts."

Stutts's only challenge to the district court's subsidiary findings regarding the content of the videos is the following sentence: "The error in the district

2

court's analysis is that these employees or other employees were in the shop at times when the alleged drug transactions occurred." Stutts's assertion is significant because he does not allege that the employees were in the shop at "all" times. The employees were inside the shop some of the time but not all of the time as they went about their work. Stutts's one sentence assertion is not sufficient to show that the district court's factual finding is clearly erroneous. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). Given all of the evidence against Stutts, and given counsel's other efforts to show that Ward had a grudge against Stutts and had the opportunity to plant the drugs ahead of time, a defense which the jury rejected, we reach the same independent conclusion as the district court that Stutts has not shown prejudice. *See id.* at 518-19.

Stutts also argues that trial counsel was ineffective for failing to advise him properly of his right to testify at trial and for failing to meet with him an adequate amount of time prior to trial. However, the district court granted a COA only on the issue of counsels' failure to investigate, thus implicitly denying a COA as to all other issues. Although Stutts has briefed the two issues for which the district court did not grant and thus implicitly denied a COA, he has not expressly requested this court to grant a COA on those issues, either in his brief or in a separate motion for a COA. Therefore, we may not consider these issues. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997); *United States v. Kimler*, 150 F.3d 429, 431 and n.1 (5th Cir. 1998).

The district court's denial of Stutts's § 2255 motion is AFFIRMED.