# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10518
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2018

Lyle W. Cayce
Clerk

JOHN LEE JOHNSON,

Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-311

Before REAVLEY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Lee Johnson, Texas prisoner # 659223, filed a 28 U.S.C. § 2254 application in which he maintained that he was denied previously earned time credits and that the denial of those credits affected his right to be released to mandatory supervision. This court granted a COA on a single issue–whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10518

the district court correctly dismissed with prejudice the application for failure to prosecute. *Johnson v. Davis*, No. 16-10518 (5th Cir. Apr. 26, 2017).

This court's review is limited to issues for which a COA has been granted. *See* 28 U.S.C. § 2253(c); *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998); *Lackey v. Johnson*, 116 F.3d 149, 151–52 (5th Cir. 1997). While pro se briefs are afforded liberal construction, even pro se litigants must brief claims in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); FED. R. APP. P. 28(a).

Johnson has failed to address the procedural issue of whether the district court properly dismissed his § 2254 application for failure to prosecute. He has instead briefed the merits of his claim that his due process rights were violated because he was denied good-time credits. Because Johnson has not addressed the only issue upon which a COA was granted, he has abandoned that issue on appeal. *See Yohey*, 985 F.2d at 224–25.

Accordingly, the judgment of the district court is AFFIRMED.