# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40394

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2018

Lyle W. Cayce
Clerk

TRACY LYNN ESCOBEDO,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-76

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

Tracy Lynn Escobedo is currently serving a life sentence following his state court conviction of serious bodily injury to a child committed intentionally or knowingly. He requests a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he was convicted by a jury that was not impartial in violation of the Sixth Amendment. Escobedo argues that six of the jurors that convicted him were biased because, in his view, they expressed a willingness to convict

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40394

him based upon a "clear and convincing" standard of proof, which is less than the required "beyond a reasonable doubt" standard. The district court denied his habeas petition, and this court granted a certificate of appealability (COA) on the impartial jury claim. We AFFIRM.

Escobedo was charged with, and pleaded not guilty to, serious bodily injury to a child committed intentionally or knowingly. He was ultimately convicted in a jury trial. During the trial, Escobedo challenged fifteen venirepeople for cause on the basis that the venirepeople could see "no difference between burdens of proof, [and were] willing to find him guilty on clear and convincing evidence, which is not what's required." The trial judge denied all fifteen of those challenges for cause, and six of the venirepeople that Escobedo had challenged for cause were seated on the jury. In so doing, the trial judge specifically noted the confusing nature of counsel's questions and stated: "I have been doing this a lot of years, and I don't think I could have answered your question." The jury as constructed found Escobedo guilty and sentenced him to life imprisonment. Following the denial of Escobedo's appeals through the state court system,[1] the denial of his state habeas petition, and a district court's denial of his federal habeas petition, we granted a COA on the issue of whether Escobedo was convicted by an impartial jury.

There is a question in this case as to whether the standard of review is de novo or is governed by the more deferential standard under 28 U.S.C. § 2254(d). Even assuming de novo review, however, we must affirm because there is no evidence that the jurors in question were actually biased. To determine if a venireperson is biased, the critical question is whether a

---

[1] The parties dispute whether Escobedo procedurally defaulted his claim by failing to properly preserve error in the Texas district court proceedings. For purposes of this appeal, we assume without deciding that Escobedo did properly preserve error.

venireperson can "abide by existing law" and "take an oath to well and truely [*sic*] try this case." *See Adams v. Texas*, 448 U.S. 38, 44–45 (1980) (quoting *Boulden v. Holman*, 394 U.S. 478, 483–84 (1969) and *Lockett v. Ohio,* 438 U.S. 586, 594–95 (1978) (alteration in original)).  If a venireperson can answer this question affirmatively, then that person is not biased.  *See id.*

Importantly, here, none of the six challenged venirepeople were asked whether their statements regarding the burden of proof would affect their ability to abide by the law as instructed by the judge.  Thus, Escobedo's counsel never clarified whether the venirepeople were actually unable or unwilling to follow the trial court's instructions as to the burden of proof.  Indeed, when the trial judge interjected in the line of questioning by Escobedo's counsel regarding the burden of proof to explain that the burden of proof in the case was beyond a reasonable doubt, none of the six challenged venirepeople indicated that they could not apply that burden of proof.  Therefore, Escobedo has not established that the answers to his questions about "clear and convincing evidence" and "beyond a reasonable doubt" actually affected the venirepeople's ability to take an oath and apply the law as instructed when placed on the jury.  Thus, Escobedo's argument that he was convicted by an impartial jury fails.[2]

AFFIRMED.

---

[2]  We do not reach Escobedo's ineffective assistance of counsel claims because no COA was granted as to those claims.  *Lackey v. Johnson*, 116 F.3d 149, 151–52 (5th Cir. 1997).