United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41595
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWIGHT MURRY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CR-28-ALL
USDC No. G-03-CV-410
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dwight Murry, federal prisoner # 45004-079, pleaded guilty to one count of possession with intent to distribute cocaine base, and he was sentenced to 135 months of imprisonment. He appeals the district court's dismissal of his 28 U.S.C. § 2255 motion. This court granted COA on the sole issue whether counsel's alleged failure to advise Murry regarding the possibility of appeal and to file a requested notice of appeal constituted ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Murry argues that he should have been granted a downward departure under his plea agreement, that the Government violated his plea agreement, and that counsel was ineffective for allowing the Government to breach the plea agreement.  We will not consider these arguments because they exceed the scope of the issue on which COA was granted and because Murry has not requested an expansion of the COA grant.  See United States v. Kimler, 150 F.3d 429, 430-31 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

Murry has made no relevant appellate argument on the sole issue on which COA was granted.  Federal Rule of Appellate Procedure 28(a)(9) requires that an appellant's argument contain the reasons why he deserves the requested relief, together with citation to the authorities, statutes, and parts of the record relied on.  Although we liberally construe pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we nevertheless require arguments to be briefed in order to be preserved.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Issues not adequately argued in the body of the brief are deemed abandoned on appeal.  See id.

AFFIRMED.