122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Robert SMITH, Defendant-Appellant.
 No. 97-30015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Filed Aug. 28, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Alfred Robert Smith appeals pro se the district court's denial of his motion to dismiss a defective indictment, which the district court treated as a motion pursuant to 28 U.S.C. § 2255. Smith was convicted in 1994 following his guilty plea to being a felon in possession of a firearm (18 U.S.C. § 922(g)) and was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). We affirm.
 
 
 3
 Smith's motion asserted: (1) that Congress lacked authority under the Commerce Clause and the Tenth Amendment to enact Section 922(g)(1); and (2) that the federal government lacked "territorial jurisdiction" to enforce any federal prohibitions against him when he was on private property within the confines of a state (Oregon) which had not ceded jurisdiction to the federal government and when the federal government did not own the property where the alleged crime occurred.
 
 
 4
 Pursuant to 28 U.S.C. § 2253(c), the district court issued a certificate of appealability in which it certified only the "Unconstitutional Statute" issue as raising a substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253(c)(2) and (3).
 
 
 5
 The district court's rejection of Smith's constitutional challenge to section 922(g)(1) was proper. See United States v. Collins, 61 F.3d 1379, 1384 (9th Cir.1995) (rejecting claims that section 922(g)(1) exceeds Congress' authority under the Commerce Clause and violates the Tenth Amendment).
 
 
 6
 Smith's appellate briefs focus, however, on the issue for which the district court did not issue an order a certificate of appealability: i.e., that the federal government lacked "territorial jurisdiction" to enforce the federal prohibitions against him. Smith correctly points out that the district court never addressed this issue. Where the district court declines to certify an issue for appeal under Section 2253, we have authority to do so, if the issue raises a substantial showing of the denial a constitutional right. See 28 U.S.C. § 2253(c)(1) (precluding a § 2255 appeal "[u]nless a circuit justice or judge issues a certificate of appealability").
 
 
 7
 Smith's "territorial jurisdiction" issue does not raise a substantial showing of the denial of a constitutional right. See United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992) ("Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise of that jurisdiction."); United States v. Figueroa-Soto, 93 F.2d 1015, 1020 (9th Cir.1991) (the same acts may be punished by two sovereigns if they offend the laws of both sovereigns); United States v. Begay, 42 F.3d 486, 499 (where situs is not an element of the offense, a federal statute is "of nationwide applicability and therefore applies equally to everyone everywhere within the United States").
 
 
 8
 Because Smith's "territorial jurisdiction" issue does not raise a substantial showing of the denial of a constitutional right, that issue is not certified for appeal under Section 2253(c).
 
 
 9
 The district court's order denying Smith's challenge to the constitutionality of Section 922(g)(1) is
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3