**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Karl KIMLER, Defendant–
Appellant.**

No. 97–20320.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1998.

---

**3.** We have carefully reviewed Majors' remaining claims and conclude that they are without merit.

Katherine L. Haden, Paula Camille Offenhauser, Asst. U.S. Atty., Houston, TX, for Plaintiff–Appellee.

Jeffrey A. Kearney, Fort Worth, TX, for Defendant–Appellant.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:

██ Kimler requests a COA for issues the district court deemed unworthy of collateral review. We first turn to the question of when a circuit judge may grant a COA upon issues denied certification by the district court. Reading Fed. R.App. P. 22(b) with 28 U.S.C. § 2253(c)(3), we conclude that a notice of appeal is not a constructive request for review of issues refused certification by the district court where the district court certified some but not all issues. Rather, we will not review a denial of a COA in such circumstances unless petitioner requests that we do so.

I

In *Lackey v. Johnson,* 116 F.3d 149 (5th Cir.1997), the petitioner in his appeal raised issues for which the district court had refused a COA. This court declined "to address those issues rejected by the district court because they were outside of the ambit of the COA." *Id.* at 152.

In this case, Kimler requests a COA for issues the district court denied certification.

II

██ Rule 22(b) provides:

If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals.

Several principles flow from this rule. First, a petitioner must obtain a COA as a prerequisite to appellate review. Second, a petitioner may obtain a COA from the district court or from a circuit judge. Third, a petitioner must make his request for a COA from a district court before seeking a COA from the Court of Appeals. Fourth, a notice of appeal can operate as a constructive request for a COA from the Court of Appeals.

Under 28 U.S.C. § 2253(c)(3), a specific request for a COA must be made as to each issue. Yet Rule 22(b) refers to *a* certificate of appealability. Continuing to refer to *a* certificate, Rule 22(b) instructs that a notice of appeal acts as a constructive request for a COA. Applying the rule's treatment of a single COA, we have recognized the constructive request for a COA in a notice of

appeal where the district court has refused to certify any of the issues a petitioner has presented for collateral review. *See United States v. Orozco,* 103 F.3d 389 (5th Cir.1996), *overruled by, Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Herman v. Johnson,* 98 F.3d 171 (5th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1262, 137 L.Ed.2d 341 (1997). In *Lackey* we refused to grant a COA where the district court certified some, but not all, of the issues for which relief was sought. It was uncertain whether the petitioner proceeding with his appeal intended by his notice to pursue issues denied a COA by the district court. The constructive notice of Rule 22(b) in such ambiguous circumstances was not seen as a constructive request for review of the denial.[1]

Kimler, but not Lackey, specifically moved for an extension of the COA to issues the district court refused to certify. The panel there refused to address any issue not certified by the district court. *Lackey,* 116 F.3d at 152. We review the uncertified issues here because Kimler explicitly requested us to do so.

### III

 We now turn to whether a COA should issue on Kimler's ineffective assistance of counsel claims. In order to qualify for a COA, the applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Kimler argues that he was denied effective assistance of counsel because his counsel did not assert on direct appeal that the district court (1) used an incorrect legal standard in determining the amount of loss, (2) miscalculated the amount of loss, and (3) erred in finding that Kimler created a reckless risk of serious bodily injury.

Kimler has failed to make a substantial showing that he is entitled to relief under

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given the district court's wide latitude in determining loss, *United States v. Brewer,* 60 F.3d 1142, 1145 (5th Cir.1995); *see* U.S.S.G. § 2F1.1 comment 7, 8, we can not say that there is a reasonable probability that Kimler's sentence would have been significantly less harsh if counsel would have challenged the district court's loss calculation on appeal. *See Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir. 1993). Kimler's other argument fares no better in light of the district court's finding that he sold defective pipe which caused a serious accident during the construction of an offshore drilling platform.

Kimler's application for extension of the COA is DENIED.

DeMOSS, Circuit Judge, joins in the result only.

---

1. Other circuits have treated the review of a partial grant of a COA in a similar manner requiring at least an implicit request for review by briefing the issues denied certification. *See Kincade v. Sparkman,* 117 F.3d 949, 953 (6th Cir. 1997); *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 886, 139 L.Ed.2d 873 (1998); *United States v. Smith,* 1997 WL 542293 (9th Cir.1997) (unpublished). We have decided, however, that the monolithic nature of Rule 22(b) in conjunction with Congress's mandate for issue specificity on collateral review embodied in 28 U.S.C. § 2253(c)(3) requires a more express request. In order to obtain appellate review of the issues the district court refused to certify, the petitioner must first make the threshold substantial showing of the denial of a constitutional right. *See* 28 U.S.C. 2253(c)(2). Only after clearing this hurdle may the petitioner proceed to brief and we review the merits of the rejected issues.