IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40631
Conference Calendar

_____

THOMAS BUCHANAN,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:98-CV-258-TH
- - - - - - - - - -
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Thomas Buchanan, Texas prisoner # 666103, was granted a certificate of appealability (COA) to appeal the dismissal of his habeas corpus petition on the issue whether the lengthy delay in receiving a copy of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) warranted equitable tolling of the one-year limitations period.  After COA was granted, this court determined

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, can never serve as a basis for equitable tolling. Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000). Buchanan's equitable tolling argument is thus foreclosed by Felder.

Buchanan also argues for the first time on appeal that the AEDPA does not apply to noncapital cases filed prior to the Act's enactment and that Texas has failed to establish standards for capital habeas counsel and thus is not eligible to take advantage of certain "opt in" provisions in the AEDPA. As COA was not granted on these issues, the court is without jurisdiction to consider these issues. United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).

The judgment of the district court is therefore AFFIRMED.