IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60351
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JERRY LEE QUINN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:96-CV-63-S
USDC No. 3:95-CR-83-ALL-S
- - - - - - - - - -
August 9, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Jerry Lee Quinn, federal prisoner #10312-042, appeals the
district court's denial of his 28 U.S.C. § 2255 motion to vacate
his sentence.  The district court granted Quinn a certificate of
appealability (COA) on only one of the five issues he presents in
his appeal brief:  whether counsel was ineffective for failing to
challenge the use of his state conviction as the predicate for
his federal conviction under 18 U.S.C. § 922(g)(1).  Quinn failed
to request a COA for the other issues he has briefed (and for
which COA was not granted).  Thus, they are not properly before

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this court.  See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

Quinn was convicted of violating § 922(g)(1), which prohibits the possession of a firearm by any person "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year."  § 922(g)(1).  "[C]rime punishable by imprisonment for a term exceeding one year" is defined in § 921(a)(20), which provides in pertinent part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Quinn argues that his state conviction did not result in the loss of his civil rights and thus that his rights were "restored" within the meaning of § 921(a)(20).  He also contends that because the restoration did not expressly prohibit possession of firearms, he could not be prosecuted under § 922(g)(1).  Standing alone, Quinn's claim that his civil rights were not lost does not exclude him from the ambit of the federal statute; it applies as long as the state prohibits a felon from possessing firearms.

Quinn's argument regarding where in the state code the firearms ban occurs is also without merit.  Any "restoration" of Quinn's civil rights is irrelevant given Mississippi law's prohibition of possession of a firearm by a felon.  See Miss. Stat. Ann. § 97-37-5(1).  This prohibition triggers the "unless

clause" of § 921(a)(20) and satisfies the predicate for the federal prosecution of Quinn. See Caron v. United States, 524 U.S. 308, 313 (1998). Quinn's argument that the Mississippi statute is ineffective because it stands apart from any restoration provision is also without merit. As he argues that his "restoration" operates by virtue of his never having lost his civil rights, there would be no applicable statutory provision to which the firearms possession bar could be tied.

Although a person who has been convicted of a felony in Mississippi may apply to the court in which he was convicted for a certificate of rehabilitation, a procedure which apparently restores his right to bear firearms, see Miss. Code Ann. § 97-37-5(3), Quinn does not allege and the record does not indicate that he had applied for or received such a certificate. Thus, Quinn cannot show that counsel was ineffective for failing to challenge the use of his state conviction as a predicate for a conviction under § 922(g). See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Quinn's motion to supplement the record is DENIED. His arguments require only statutory construction and thus would be unaided by the inclusion of further pleadings.

AFFIRMED; MOTION DENIED.