# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 00-30349
Summary Calendar
_____

JEROME B. HINES, JR.,

Petitioner-Appellant,

versus

C. MARTIN LENSING, Warden,
Hunt Correctional Center,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-2618-I
---------------------
February 7, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this appeal from the denial of a 28 U.S.C. § 2254 habeas corpus petition, the district court has granted Jerome B. Hines, Jr., a Louisiana prisoner (# 81727), a certificate of appealability ("COA") with respect to the issue whether the trial court sentenced him vindictively for his having exercised his right to stand trial and whether his counsel performed ineffectively by failing to raise this issue on direct appeal.

Although the trial judge stated that one of the reasons for Hines' sentence was his "audacity to challenge the facts of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this case . . . which the court found incredible from the beginning," the Louisiana Court of Appeal's conclusion that the trial judge's full statement of reasons referred to Hines' lack of remorse was not objectively unreasonable, and its decision thus did not involve an unreasonable application of clearly established law. See Williams v. Taylor, 120 S. Ct. 1495, 1521 (2000); United States v. Devine, 934 F.2d 1325, 1338 (5th Cir. 1991) (defendant may not be punished for simply exercising his right to stand trial); 28 U.S.C. § 2254(d).

Hines urges this court to broaden his COA to certify his claims that: (1) his multiple-bill sentencing was invalid because one of the prior guilty pleas on which it was based had been involuntarily entered; (2) counsel performed ineffectively by failing to object to improper closing arguments by the prosecution; and (3) counsel performed ineffectively by failing to conduct a thorough pretrial investigation. See United States v. Kimler, 150 F.3d 429, 431 (5th cir. 1998) (§ 2255 case). Hines has not, however, made a substantial showing of the denial of a constitutional right as to these claims. Accordingly, his request that this court broaden the district court's order granting COA is DENIED.

**AFFIRMED; MOTION TO BROADEN COA DENIED.**