IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30481
Summary Calendar

_____

DANNY GREER,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary; RICHARD P.
IEYOUB, Attorney General,
State of Louisiana,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 97-CV-699-H

_____

March 12, 2001

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:*

In this appeal from the denial of a 28 U.S.C. § 2254 habeas corpus petition, the district court has granted Danny Greer, a Louisiana prisoner (# 81727), a certificate of appealability ("COA") with respect to the issue whether the trial court violated his due process rights when, at his 1987 trial, it issued an

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional "reasonable doubt" instruction to the jury, in violation of Cage v. Louisiana, 498 U.S. 39 (1990).

The respondents now argue that decisional authority issued subsequent to the district court's decision in this case bars Greer's Cage claim. The respondents are correct. In Muhleisen v. Ieyoub, 168 F.3d 840, 844 (5th Cir. 1999), and Williams v. Cain, 229 F.3d 468, 474-75 (5th Cir. 2000), this court has confirmed that § 2254 petitioners who filed their petitions after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and whose convictions became final before the November 13, 1990, issuance of Cage are precluded by the standards of review in the AEDPA-amended § 2254(d) from raising claims based on Cage. Greer's conviction became final in 1989, approximately a year before Cage was issued. He did not file the instant § 2254 petition until 1997. Accordingly, his Cage claim is barred. See Williams, 229 F.3d at 474-75.

To the extent that Greer summarily seeks to broaden the COA to include review of all issues he set forth in his § 2254 petition, Greer has effectively abandoned those claims by failing to address them in his appellate brief. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998); Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999), cert. denied, 528 U.S. 1145 (2000).

AFFIRMED; MOTION TO BROADEN COA DENIED.

2