IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-50620
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIMBERLY S. SMITH,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-403-OG &
SA-97-CR-263-4-OG

---

February 3, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kimberly S. Smith, federal prisoner No. 82906-080, appeals the district court's denial of her 28 U.S.C. § 2255 motion challenging her convictions for conspiracy to commit bank robbery and aiding and abetting bank robbery. Smith's § 2255 motion in the district court raised various allegations of ineffective counsel. Following the district court's denial of her motion, Smith sought a certificate of appealability (COA) on a single

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue: whether her trial attorney was ineffective for giving Smith erroneous advice concerning whether she should testify at trial. The district court granted a COA as to that issue only. Although Smith argues other issues in her appellate brief, she has never requested a COA for any issue other than the validity of counsel's advice concerning whether Smith should exercise her right to testify. Under these circumstances, our review is limited to the issue on which the district court granted a COA. United States v. Kimler, 150 F.3d 429, 430-31 & n.1 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1998).

The parties agree that Smith decided not to testify after counsel advised her that, if she testified, the Government would be able to impeach her testimony with prior false statements on credit applications and with an identification document that Smith obtained under an assumed name. Such documents would have been admissible at trial because they are relevant to Smith's character for truthfulness or untruthfulness. United States v. Parker, 133 F.3d 322, 327 (5th Cir. 1998); United States v. Tomlin, 46 F.3d 1369, 1388-89 (5th Cir. 1995). As counsel did not give Smith erroneous legal advice, she has failed to show that the district court erred by denying § 2255 relief.

AFFIRMED.