United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30696
Summary Calendar

———————————

MICHAEL THOMAS,

                                        Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3064-C
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Michael Thomas, Louisiana state prisoner # 293784, has appealed the district court's judgment dismissing his application for a writ of habeas corpus, challenging his 1991 conviction for second-degree murder, for which he is serving a sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.  See State v. Thomas, 620 So. 2d 469 (La. Ct. App. 1993).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court granted a certificate of appealability ("COA") as to one issue only: whether Thomas's right to due process was violated by the trial court's specific-intent instruction. Thomas contends that the instruction, which referred to Thomas and his codefendants collectively, relieved the State from having to prove that he, individually, intended to kill the victim. In rejecting this issue, the state court of appeals concluded that there was "no possibility that the jury members could have believed that a defendant's specific intent to kill could have been implied from knowledge of a coconspirator's intent." See State v. Thomas, 750 So. 2d 1114, 1128 (La. Ct. App. 1999). The authorities relied upon by Thomas are inapposite and the state court's conclusion did not involve an unreasonable application of Federal law. See 28 U.S.C. § 2254(d)(1). The district court's rejection of this issue is affirmed.

Thomas has moved to extend the COA. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998); see also 28 U.S.C. § 2253(c)(1)(A). Thomas contends that his rights to due process and to effective assistance of counsel were violated because his attorney failed to move to sever his trial from the trial of his codefendants. He contends also that exculpatory evidence was withheld from the defense. Thomas has not made a substantial showing of the denial of a constitutional right as to these issues. See 28 U.S.C. § 2253(c)(2). Thomas contends also that his right to due process was denied because the trial court

admitted into evidence a bullet proof vest, which he contended was prejudicial, extraneous evidence. Additionally, Thomas contends that the trial court erred in failing to instruct the jury on principals. Thomas has not shown that jurists of reason would conclude that the district court erred in concluding that these claims were not exhausted in the state courts and are procedurally barred. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). The motion to extend the COA is denied.

AFFIRMED; MOTION DENIED.