United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40480
Summary Calendar

PHILIP GERALD BIQUET,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-154-RHC-HWM
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Philip Gerald Biquet, Texas prisoner # 1120742, seeks relief
pursuant to 28 U.S.C. § 2254 from his state-court jury-trial
conviction for felony driving while intoxicated. Biquet was
granted a certificate of appealability (COA) by the district court
on the issues whether trial counsel rendered ineffective assistance
by failing to obtain medical records demonstrating that Biquet (1)
suffered from asthma, thereby justifying his refusal to submit to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a breathalyzer test and (2) had previously suffered two broken ankles, thereby explaining Biquet's failure to satisfactorily perform those roadside sobriety tests requiring balance.

Biquet fails to meet the standard for obtaining habeas relief on his certified claims of ineffective assistance. See 28 U.S.C. § 2254(d)(1) & (2); Strickland v. Washington, 466 U.S. 668, 697 (1984); Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir. 2000). The introduction at trial of Biquet's medical records would have potentially had only a limited impact on the state's case. The record reveals other evidence of guilt presented at Biquet's trial that supports his conviction, including the arresting officers' observations of intoxication, Biquet's admission that he consumed alcoholic beverages prior to his arrest, and Biquet's inability to perform sobriety tests, including sobriety tests that did not require balance. Under these circumstances, Biquet fails to demonstrate prejudice resulting from counsel's alleged errors. See Strickland, 466 U.S. at 697.

In a reply brief, Biquet asks this court to broaden the scope of the COA "to include all issues presented that effected petitioners right to have received a fair trial." We reject this request as untimely. See United States v. Williamson, 183 F.3d 458, 464 n.11 (5th Cir. 1999); United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998); United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED.