United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60098
Summary Calendar

ARTHUR L. GARY,

Petitioner-Appellant,

versus

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-192
---------------------

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arthur L. Gary, Mississippi prisoner # 44082, appeals from
the district court's denial of his 28 U.S.C. § 2254 petition
challenging his convictions for the unlawful sale and possession
with intent to distribute cocaine. The district court granted
Gary a certificate of appealability (COA) on two issues:
(1) whether counsel was ineffective in failing to preserve for
appeal the admissibility at trial of a handgun, and (2) whether
Gary's Fourth Amendment rights were violated by the search and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seizure of evidence from his home and his car and whether counsel was ineffective for not challenging the  allegedly illegal search at trial or on appeal.**

It is undisputed that the Mississippi Supreme Court erroneously rejected Gary's ineffective assistance of counsel claims on procedural grounds because the court believed that Gary had raised the claims on direct appeal when, in fact, he had not. We therefore review Gary's claims de novo rather than under the deferential standards provided in the Antiterrorism and Effective Death Penalty Act (AEDPA).  See Miller v. Johnson, 200 F.3d 274, 281 n.4 (5th Cir. 2000).

Given the overwhelming evidence that Gary sold cocaine to Lewis Pearley, a confidential informant (CI), Gary cannot show that but for the introduction of the handgun at trial, he would not have been convicted.  Thus, he has not shown any prejudice from counsel's failure to make a record of his objection to the handgun on the basis of an alleged discovery violation.  See Strickland v. Washington, 466 U.S. 668, 694 (1984).  The district court did not err in denying relief on this claim.  See id.  The same is true of Gary's claim that counsel was ineffective for not moving to suppress the handgun on the ground that the search of

---

** Although Stone v. Powell, 428 U.S. 465, 486 (1976), precludes Gary from obtaining federal habeas relief on an independent Fourth Amendment claim, Stone does not bar Gary's ineffective assistance of counsel claim premised on counsel's failure to litigate a Fourth Amendment claim.  See Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986).

Gary's car, where the handgun was found, violated his Fourth Amendment rights. Gary has not shown that he was prejudiced by counsel's failure to litigate a Fourth Amendment claim relating to the search of his car. See id. at 691-92.

Regarding counsel's alleged ineffectiveness in not challenging the search and seizure of evidence from Gary's home, the evidence at trial supports the district court's denial of this claim, albeit for reasons that differ from those provided by the district court. Assuming arguendo that the warrantless entry into Gary's home violated his Fourth Amendment rights, it is undisputed that no evidence was obtained during that entry. Instead, officers waited for a search warrant before seizing any evidence from Gary's home. Gary makes no claim that the affidavit submitted in support of the search warrant was tainted by the warrantless entry or that anything seen during the warrantless entry affected the officers' decision to obtain a warrant. See United States v. Bryan, 275 F.3d 1081 (5th Cir. 2001). The record does not support a finding that the evidence obtained pursuant to the search warrant was excludable. Id.; see also Murray v. United States, 487 U.S. 533, 541-42 (1988). Because Gary has failed to show that his Fourth Amendment claim is meritorious, he has not shown that counsel was deficient for failing to challenge the search and seizure of evidence from his home. See Kimmelman v. Morrison, 477 U.S. 365, 375, 382 (1986);

<u>Strickland</u>, 466 U.S. at 694.  Therefore, the district court did not err in denying relief on this claim.  <u>Id.</u>

Gary did not raise in state court or in the district court the issues of whether Pearley's identification of him was made pursuant to an overly suggestive identification procedure or whether the search warrant for his home and car was deficient, and the district court did not grant a COA on either of these issues.  <u>See</u> <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387-88 (5th Cir. 1998).  These arguments are therefore beyond the scope of the COA, which Gary has not requested be broadened to include the new issues.  <u>See</u> <u>United States v. Kimler</u>, 150 F.3d 429, 430 (5th Cir. 1998).

AFFIRMED.