**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30216
Summary Calendar

RALPH R STOGNER, III

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4317

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Ralph R. Stogner, III, Louisiana prisoner # 323032, appeals the denial of his 28 U.S.C. § 2254 petition challenging his first degree murder conviction. Stogner was undisputedly granted a certificate of appealability (COA) on the issues whether the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by (1) failing to reveal all known information pertaining to 12 hairs alleged to have come from the victim and (2) failing to reveal all known information pertaining

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to New Orleans Police Officer Joseph Tafaro. The parties disagree, however, on whether Stogner was also granted a COA on his claim that trial counsel was ineffective for failing to challenge the authenticity of DNA evidence that Stogner alleged was tampered with and planted by Officer Tafaro. While the district court's COA order is indeed ambiguous in this regard, remand is unnecessary. Stogner's ineffective assistance of counsel claim turns on the viability of his assertion that Officer Tafaro tampered with evidence. As discussed below, Stogner's allegation of evidence tampering is purely conclusional and unsupported by competent evidence. Consequently, his ineffective assistance of counsel claims necessarily fail because he cannot show the requisite prejudice.[1] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

On appeal from the denial of § 2254 relief, we review the district court's findings of fact for clear error and its legal conclusions de novo. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005). Under § 2254(d)'s deferential standard, federal habeas relief cannot be granted unless the state court's adjudication "either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court . . . , or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id*.

Stogner argues that the State violated *Brady* by suppressing evidence that four of the victim's twelve hairs found during a search of Stogner's home and vehicle had been forcibly removed from the victim's head. To establish a *Brady*

---

[1] Stogner's appellate arguments also include claims that counsel was ineffective for (1) failing to produce unspecified evidence favorable to Stogner and (2) failing to call Patsy Daniels as a trial witness. Even affording the district court's COA grant the most liberal of constructions, it cannot be said that the district court granted a COA on these issues. Stogner has not sought to expand the COA grant. Therefore, we lack jurisdiction to consider them. *See United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).

violation, Stogner must show that the State withheld evidence, that the evidence was favorable, and that the evidence was material to the defense. *See Little v. Johnson*, 162 F.3d 855, 861 (5th Cir. 1998).

Stogner's *Brady* claim is plagued with difficulties insofar as (1) Stogner has not shown that this evidence was known by the State prior to trial and (2) the exculpatory nature of the evidence is questionable, at best. Regardless, evidence that four hairs were forcibly removed from the victim was disclosed at trial during FBI Agent Fram's testimony. "*Brady* claims involve the discovery *after* trial of information which had been known to the prosecution but unknown to the defense." *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994) (internal quotation marks and citation omitted) (emphasis added). Consequently, where as here, the existence of evidence is disclosed at trial, the prosecution cannot be said to have withheld evidence, and, thus, Stogner cannot establish a *Brady* violation. *See id.*

Stogner additionally argues that the State violated *Brady* by withholding evidence that Officer Tafaro had prior convictions for perjury and evidence tampering in an unrelated criminal investigation. We have thoroughly reviewed the evidence Stogner has submitted in support of these allegations and agree with the district court that Stogner's evidence does not establish that Officer Tafaro was even charged with, much less convicted of, perjury or evidence tampering in that unrelated case. Given the dubious nature of Stogner's evidence, his claim that Officer Tafaro, by extension, tampered with and planted all of the DNA evidence used to secure Stogner's conviction is purely

conclusional, and conclusional allegations do not warrant habeas relief.[2] *See Nichols v. Scott*, 69 F.3d 1255, 1286 (5th Cir. 1995).

Stogner has not shown that the state court's adjudication of his constitutional claims was contrary to clearly established federal law or based on an unreasonable determination of the facts. *See Summers*, 431 F.3d at 868. As such, Stogner's contention that the district court erred in dismissing his petition without first affording him the benefit of an evidentiary hearing is rejected. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (28 U.S.C. § 2255).

AFFIRMED.

---

[2] Stogner also contends that the State had a duty to call Officer Tafaro as a witness to authenticate the evidence. This last argument, however, was held by the district court not to be a *Brady* claim. Insofar as this claim is considered independent of Stogner's *Brady* claims, he was not granted a COA on this issue and has not moved this court to expand the COA grant to include this issue. Therefore, we lack jurisdiction to consider it. *See Kimler*, 150 F.3d at 431.