# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40615
Summary Calendar

RAUL GARZA TAMEZ,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-362

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Raul Garza Tamez, Texas prisoner # 718879, was convicted by a jury of murder and sentenced by the jury to life imprisonment. *Tamez v. State,* 205 S.W. 3d 32, 37 (Tex. App. 2006). The district court denied Tamez habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court granted Tamez a certificate of appealability (COA) on the issues whether the state trial court deprived him of a fair trial by allowing him to be tried in leg restraints and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether counsel was ineffective for failing to object to Tamez being tried in leg restraints.

In addition to arguing the issues as to which the district court granted a COA, Tamez contends that counsel was ineffective for failing to discover and present mitigating evidence; that the state trial court violated his First Amendment rights by allowing evidence of his gang affiliation; that the state trial court erred by removing potential jurors sua sponte; and that the Texas Court of Criminal Appeals acted unconstitutionally by denying him an evidentiary hearing on his state habeas application. The respondent correctly notes that the district court did not grant a COA on these issues and that Tamez did not move in his appellant's brief for an expansion of the COA granted by the district court. Tamez did not move before briefing for this court to expand the grant of COA. Tamez requests expansion of the grant of COA in his reply brief; that request is untimely for our consideration. *See United States v. Williamson,* 183 F.3d 458, 464 n.11 (5th Cir. 1999); *United States v. Kimler,* 150 F.3d 429, 431 & n.1 (5th Cir. 1998).

Tamez contends that he was deprived of a fair trial because he was kept in both hand and leg restraints during the entire trial. According to Tamez, he was seated at the end of the defense table which was open underneath, allowing his legs to be seen. The state trial court took no precautions before Tamez took the stand to mitigate the prejudice inherent in Tamez's shackling at trial, such as wrapping the shackles in plastic or directing Tamez to sit when the jury entered the room in order to avoid the noise created by the movement of the shackles. He alleges that there was an "excessive TDCJ [Texas Department of Criminal Justice] detail shadowing [his] every move," even inside the courtroom. He further contends that he was prejudiced by being shackled, particularly in light of his defense of self-defense, and argues that the evidence against him was not sufficiently overwhelming to render the state court's error harmless. He argues that counsel was ineffective for failing to object to the shackling, and he

alleges that counsel had a disincentive to object because she was employed by TDCJ and adhered to a TDCJ policy instead of objecting to it.

Tamez alleges in his appellant's brief that he wore restraints around both his legs and hands during trial. He did not allege in the district court that his hands were restrained during trial. This court does not generally consider habeas arguments raised for the first time on appeal. *See Henderson v. Cockrell,* 333 F.3d 592, 605 (5th Cir. 2003) (declining to address claim raised for the first time in an appellate COA motion).

We cannot determine from the record what factual findings were necessarily decided by implication in Tamez's state habeas corpus proceeding. *Cf. Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (stating that the § 2254(e)(1) presumption of correctness extends to explicit and implicit findings of fact which are necessary to the state court's conclusions). However, the record does not indicate that Tamez's state habeas claim was denied based on any unreasonable application of law or unreasonable finding of fact. *See* § 2254(d)(1)&(2).

"The law has long forbidden routine use of visible shackles during the guilt phase [of a trial]; it permits a State to shackle a criminal defendant only in the presence of a special need." *Deck v. Missouri,* 544 U.S. 622, 626 (2005). The same is true during the penalty phase in a capital trial. *Id.* at 632-33. A trial court may, however, require a defendant to wear restraints if the trial court deems it necessary to protect the court and the courtroom. *Id.* at 632. The trial court must take into account the circumstances of the particular case. *Id.* The Supreme Court recognizes that "[t]here will be cases . . . where these perils of shackling are unavoidable." *Id.* When determining whether a violation occurred, this court considers any "steps to mitigate any prejudicial influence on the jury." *Chavez v. Cockrell,* 310 F.3d 805, 809 (5th Cir. 2002).

On collateral review of a state conviction, a federal court will grant habeas relief only when the use of restraints "had a substantial and injurious effect or

influence in determining the jury's verdict." *Hatten v. Quarterman,* 570 F.3d 595, 604 (5th Cir. 2009) (citations and internal quotation marks omitted). Overwhelming evidence of a defendant's guilt may be sufficient to render harmless any error in shackling a defendant. *Id.* Moreover, a jury's knowledge that a defendant already is a convicted prisoner may be a factor to consider when addressing whether a shackling error is harmless. *See Wilkerson v. Whitley,* 16 F.3d 64, 68 (5th Cir.), *reinstated in relevant part*, 28 F.3d 498, 509 (5th Cir. 1994) (en banc).

It is undisputed that Tamez was a convicted prisoner on trial for a murder committed in prison and that several other convicted prisoners testified at his trial. Prisoner/witness Oscar Carranza--whose affidavit appears in the state court record--conceded that some of those other prisoner/witnesses properly were wearing restraints.

Any error by the state trial court in having Tamez shackled during trial was harmless. The jury knew that Tamez was a prisoner accused of committing a crime in prison. *See Wilkerson,* 16 F.3d at 68. Additionally, the evidence against Tamez was overwhelming. He chased his victim and beat him repeatedly in front of numerous eyewitnesses, even beating the victim after he fell. Tamez does not deny that he beat the victim. The victim was handcuffed at the time and could not possibly have inflicted injury on Tamez, no matter what threats he may have made. The jury also could have inferred from the evidence that Tamez deliberately fooled an inexperienced guard into placing him in the victim's cell, where he could lay in wait for the victim's return. *See Tamez,* 205 S.W.3d at 35-36. In light of the strength of the evidence against Tamez and the jury's knowlege that Tamez was already a prisoner, any viewing of Tamez's leg restraints by the jury would not have substantially influenced the verdict. *See Hatten*, 570 F.3d at 604.

To prevail on an ineffective assistance claim, a defendant must show "that counsel's performance was deficient" and "that the deficient performance

prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The deficiency prong requires that a defendant show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Under the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 373 (1993). A court need not address both deficient performance and prejudice if the defendant fails to make a sufficient showing on either of them. *Strickland,* 466 U.S. at 697. For the same reasons that Tamez cannot demonstrate that he was prejudiced by being tried wearing leg restraints, he cannot demonstrate that he was prejudiced by counsel's alleged failure to object to him being tried in those restraints.

AFFIRMED.