# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

Lyle W. Cayce
Clerk

No. 10-40735
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE SALINAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-122

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Noe Salinas, federal prisoner # 76076-179, was convicted by a jury of possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and was sentenced to 87 months of imprisonment and a five-year term of supervised release. Salinas appealed, arguing that district court erred in refusing to depart downward for acceptance of responsibility. On appeal, Salinas argued that he was not allowed to plead guilty and cooperate fully with authorities because his trial attorney

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had been friends with two men, known as the Lopez brothers, whom Salinas claimed had hired him to be a drug courier and because his trial counsel had represented at least one of the Lopez brothers in the past. A panel of this court held that the district court's decision to deny Salinas a reduction for acceptance of responsibility was plausible in light of the record as a whole and affirmed the district court's judgment.

Now, Salinas, appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion in which he argued that his trial counsel rendered ineffective assistance by having a conflict of interest and that the district court erred in denying him a reduction for acceptance of responsibility. The district court denied Salinas a certificate of appealability (COA) on the sentencing issue but granted a COA on the issue whether Salinas was denied effective assistance of counsel based on trial counsel's conflict of interest. Salinas has also filed a motion for the appointment of counsel and a motion for a default judgment.

Our review is limited to issues for which a COA has been granted. *See* 28 U.S.C. § 2253(c); *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998); *Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

On appeal, Salinas raises one issue: whether the trial court erred in denying him an adjustment for acceptance of responsibility. He discusses counsel's conflict of interest in the context of whether it influenced or effected his failure to receive a reduction for acceptance of responsibility, but he does not brief the issue for which COA was granted.

Although we liberally construe pro se briefs, the pro se litigant must still brief arguments in order to preserve them. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993). Because Salinas has failed to brief the issue for which COA was granted, he has abandoned the only issue before us on appeal. *See id.*

In addition, Salinas has not shown any valid legal basis for the entry of default judgment. Accordingly, the judgment of the district court is AFFIRMED,

and Salinas's motions for the appointment of counsel and for a default judgment are DENIED.