KING, Circuit Judge,
concurring:
I concur in the majority’s good opinion, though with misgivings because this case is simply not moot. Wiggins suffered, and will continue to suffer until his sentence expires, an actual injury as a result of the revocation proceeding because his maximum discharge date was extended by two years after his mandatory supervision was revoked. This injury is sufficient to create a live case or controversy. However, the certificate of appealability (COA) that was granted in this case is very limited, and we lack jurisdiction to consider the issue.
When Wiggins was released on mandatory supervision on October 15, 2003, his maximum discharge date (the date on which he would be released from supervision) was set for February 20, 2013. Upon revocation of his mandatory supervision, Wiggins lost any credit against his sentence that he earned while on supervision. See Tex. Gov’t Code Ann. § 508.283(c). Although the magistrate judge specifically found that the revocation of mandatory supervision “has had no impact on petitioner’s maximum discharge date,” the record reveals that this date was extended by two years and seventeen days, to March 10, 2015, following the revocation of Wiggins’s supervision.
In his request for a COA from this court, Wiggins did not contest the magistrate judge’s finding that the revocation had no impact on his maximum discharge date, nor did Wiggins argue that his claims were not moot because his discharge date had been extended.[1] Instead, Wiggins requested, and this court granted, a COA on the limited issue of whether Wiggins’s “habeas claims pertaining to the revocation of his mandatory supervision are not moot because, in order to pursue an action for damages under 42 U.S.C. § 1983 related to the revocation, he must first obtain a favorable outcome in habeas proceedings.” While I agree with the court’s conclusion that Wiggins’s need for a favorable ruling is insufficient to create a live case or controversy, this case is nonetheless not moot, albeit for a different reason.
A habeas petitioner must demonstrate that he suffers continuing collateral consequences from the revocation of his parole in order keep his habeas claims related to the revocation from being declared moot. Spencer v. Kemna, 523 U.S. 1, 7-8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Unlike the petitioner in Spencer, whose sentence had expired after he filed his petition, Wiggins remains “in the legal custody of the *473 State” while on mandatory supervision. Ex parte Canada, 754 S.W.2d 660, 663 (Tex.Crim.App.1988). His loss of sentence credit as a result of the revocation means that Wiggins will be in legal custody and subject to the requirements of mandatory supervision for an additional two years. Wiggins thus suffers a continuing consequence of his revocation by the extension of his maximum discharge date.
This court has previously held, in two unpublished decisions, that the extension of a habeas petitioner’s parole discharge date is sufficient to create a live case or controversy for claims related to revocation proceedings, notwithstanding the petitioner’s subsequent re-release on parole. See Villegas v. Thaler, No. 08-20822, 2011 U.S.App. LEXIS 9096, at *3-4 (5th Cir. May 3, 2011) (“The extension of [the petitioner’s] parole discharge date is a collateral, if not direct, consequence of the parole revocation.”); Tolley v. Johnson, 228 F.3d 410 (5th Cir.2000) (table case) (“The extension of [the petitioner’s] parole release date ... is a consequence of his parole revocation, collateral if not direct.”). In Villegas, the state even “concede[d] that the extension of [a habeas petitioner’s] parole discharge date ordinarily would prevent his challenge from being moot as long as he continued serving his parole.” Villegas, 2011 U.S.App. LEXIS 9096, at *4. Given that it conceded this point in Villegas, I am dismayed that the state acquiesced in the magistrate judge’s sua sponte conclusion that this case was moot.
Unfortunately, our jurisdiction is limited by the COA. See Carty v. Thaler, 583 F.3d 244, 266 (5th Cir.2009). We may expand the scope of the COA in certain circumstances, but only if one of the parties specifically requests that we do so. See United States v. Kimler, 150 F.3d 429, 430-31 (5th Cir.1998). Neither party has requested that we expand the COA in this case, and Wiggins did not even brief the issue related to the extension of his maximum discharge date. Therefore, we lack jurisdiction to declare this case not moot, even though it clearly is not. For this reason, I join the court’s opinion affirming the district court’s dismissal of Wiggins’s claims as moot.

. Wiggins argued that his claims were not moot because the revocation had caused the forfeiture of good time credits, but he conceded that the credits did not impact his maximum discharge date.