**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2011

Lyle W. Cayce
Clerk

No. 10-30442
Summary Calendar

JOHNELL DEMPSEY,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1042

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnell Dempsey, Louisiana prisoner # 458759, was convicted of four counts of armed robbery and sentenced as a second felony offender to four consecutive 99-year sentences without benefit of parole, probation, or suspension of sentence. *State v. Dempsey*, 844 So. 2d 1037, 1038 (La. Ct. App. 2003). The district court dismissed his 28 U.S.C. § 2254 petition as untimely. This court granted Dempsey a certificate of appealability (COA) on the following issues: (1) whether the Louisiana Supreme Court's implicit grant of Dempsey's request

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for leave to file an out-of-time writ application and its apparent denial of the writ on the merits affects either the finality of Dempsey's conviction or warrants equitable tolling, and (2) whether the district court was correct in determining that Dempsey's § 2254 petition was untimely as to his fifth claim--the prosecutor's use of perjured testimony--where the district court did not address Dempsey's argument that he did not discover the factual predicate for that claim until he received the D.A.'s file in July 2004 and discovered police reports that showed that the prosecutor allowed perjured testimony. *Dempsey v. Cain*, No. 10-30442, 2-3 (5th Cir. Feb. 21, 2011) (unpublished one-judge order). Our review is limited to issues for which a COA has been granted. *See* 28 U.S.C. § 2253(c); *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998); *Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

In his appellate brief, Dempsey does not address either of these issues. Although we liberally construe pro se briefs, the pro se litigant must still brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also* FED. R. APP. P. 28(a). Accordingly, Dempsey could not rely on arguments made in support of his motion for a COA. Moreover, in its briefing notice, the Clerk's office informed Dempsey that his appellate brief should include, inter alia, a statement of the legal issues that he believed the court should decide and an argument explaining why the court should decide for him. Because Dempsey has failed to brief the issues for which COA was granted, he has abandoned the only issues before us on appeal.

After he filed his brief, Dempsey filed a document in which he asked this court to take judicial notice of a specific rule of evidence, certain decisions of this court, and a decision of the Louisiana Supreme Court's decision, and argued that "[b]ecause the Louisiana Supreme Court does not consistently apply Rule X, Sec. 5(A), it did not prevent Petitioner's application from being considered toward determining the date his conviction became final, or from statutory tolling. Notice of Judicial Matters, 1-2. There is no provision in the Federal Rules of

No. 10-30442

Appellate Procedure for a filing such as Dempsey's. It does not qualify as a Rule 28(j) letter because the cases cited therein did not come to Dempsey's attention after he filed his brief. *See* FED. R. APP. P. 28(j). He had filed the exact "notice of judicial matters" in this court in October 2010 in relation to his COA application.

Dempsey moves for leave to file an out-of-time reply brief, asserting that he was transferred from Angola to another facility under an emergency order of Governor Jindal, and that he did not have a chance to file his reply brief timely. However, Dempsey does not state either the date he was transferred or the date of the emergency order. There is no indication that the Governor or anyone else ordered the evacuation of Angola on or before the date Dempsey's reply brief was due.

Accordingly, the judgment of the district court is AFFIRMED, and Dempsey's motion for leave to file an out-of-time reply brief is DENIED.