# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50415
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LORENZO H. AGUILAR,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-213

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Lorenzo Aguilar, federal prisoner # 87331-280, pleaded guilty pursuant to a plea agreement to conspiracy to commit mail fraud and the deprivation of honest services, in violation of 18 U.S.C. §§ 1349, 1346, and 1341. In accordance with Federal Rule of Criminal Procedure 11(c)(1), the plea agreement provided for a sentence of not more than 48 months' imprisonment. He did not appeal his conviction and sentence.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50415

Subsequently, Aguilar filed a 28 U.S.C. § 2255 motion, claiming the court violated Rule 11(c)(1) by improperly participating in plea negotiations, resulting in his guilty plea's being involuntary.  The court dismissed the § 2255 motion as procedurally barred.  Our court granted Aguilar a certificate of appealability (COA) on whether his claim fell outside of the procedural-default doctrine because the record was not sufficiently developed to allow the claim to be raised on direct appeal.  (Aguilar also briefs issues not permitted for appeal in the COA order.  In the absence of a request to broaden the grant of COA, this court's review is limited to issues for which a COA has been granted. *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998).)

In reviewing the denial of a § 2255 motion, factual findings are reviewed for clear error; conclusions of law, *de novo*.  *E.g.*, *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).  "There is no clear error if the district court's findings are plausible in light of the record as a whole."  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Despite his admitted awareness of the court's alleged improper participation in plea negotiations, Aguilar failed to develop the record in the court in order to properly preserve his claim for appeal.  Although he could have developed the record by raising an objection in district court or moving to withdraw the plea, he did not do so.  Moreover, even had his claim been limited to plain-error review on appeal, Aguilar could have supported his claim with the same documentation he provided in support of his § 2255 motion.  Aguilar has not shown the court clearly erred in concluding his claim could have been raised on direct appeal.

AFFIRMED.