# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2018

Lyle W. Cayce
Clerk

KEVIN TAYLOR,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5629

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Kevin Taylor, Louisiana prisoner # 117058, filed a 28 U.S.C. § 2254 application challenging his conviction for simple burglary, for which he was sentenced to 24 years of imprisonment. The district court granted a certificate of appealability (COA) on a single issue – whether Taylor's constitutional right to compulsory process to call a witness was violated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30227

This court's review is limited to those issues for which a COA has been granted. *See* 28 U.S.C. § 2253(c); *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998). Pro se briefs are afforded liberal construction, but even pro se litigants must brief claims to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a).

Taylor has failed to address the issue whether his right to compulsory process was violated. He has instead briefed the merits of his claim that his trial counsel rendered ineffective assistance for failing to subpoena and present a potential alibi witness. Taylor has neither addressed the only issue on which a COA was granted, nor expressly requested to expand the scope of the COA, so he has abandoned the only cognizable issue on appeal. *See Yohey*, 985 F.2d at 224-25; *Kimler*, 150 F.3d at 431 n.1. The judgment of the district court is AFFIRMED.