# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2022

Lyle W. Cayce
Clerk

No. 21-60514
Summary Calendar

Keith Friston,

*Petitioner—Appellant*,

*versus*

Andrew Mills,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:18-CV-207

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Keith Friston, Mississippi prisoner # 84468, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his convictions of causing a death while driving under the influence and leaving the scene of an accident resulting in death. In his petition, Friston alleged his double

---

* Pursuant to 5TH Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Circuit Rule 47.5.4.

jeopardy rights were violated (1) when the state trial court granted a mistrial due to the unavailability of a prosecution's witness without first inquiring if reasonable alternative witnesses existed and (2) when he was sentenced as a habitual offender under Mississippi law. The district court rejected both claims on the merits. It granted a certificate of appealability (COA) as to his first claim but denied a COA as to his second claim. As such, Friston also moves this court to expand the COA to include his second claim.

"In an appeal of the district court's denial of habeas relief, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo, applying the same standard of review that the district court applied to the state court decision." *Austin v. Cain*, 660 F.3d 880, 884 (5th Cir. 2011) (internal quotation marks omitted). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state court's adjudication of an issue on the merits is entitled to deference. *Hill v. Johnson*, 210 F.3d 481, 484-85 (5th Cir. 2000). A § 2254 petition shall not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

Given the relevant Supreme Court precedent regarding whether a manifest necessity justifies a retrial following a mistrial, particularly *Downum v. United States*, 372 U.S. 734 (1963), as well as the circumstances of this particular case, we cannot say that the Mississippi court's rejection of Friston's double jeopardy claim was either contrary to or an unreasonable application of clearly established federal law.

Regarding Friston's motion to expand the COA to include his second claim, this court reviews such a request under the same criteria it uses to

determine whether to issue a COA. *United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). Accordingly, this court will grant Friston's motion to expand the COA if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). That is, he must establish that reasonable jurists would find the decision to deny relief debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), or that the issue he presents deserves encouragement to proceed further, *see Miller-El*, 537 U.S. at 327. Friston has failed to make the requisite showing.

Accordingly, we AFFIRM the judgment of the district court and DENY the motion to expand the COA.