# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30994

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRAVIS TRUMANE BARLOW,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-845
USDC No. 3:13-CR-44-1

Before ELROD, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Travis Trumane Barlow, federal prisoner # 06416-095, was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced within the guidelines range to 235 months of imprisonment and two years of supervised release. Without holding a hearing, the district court denied Barlow's 28 U.S.C. § 2255 motion but granted him a certificate of appealability (COA) to appeal the denial of his ineffective assistance of counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims.  Barlow now moves this court for an expansion of the district court's COA order to include the following claims: whether his Fourth Amendment challenge is barred from collateral review notwithstanding the Supreme Court's opinion in *Byrd v. United States*, 138 S. Ct. 1518 (2018); whether his collateral-review waiver bars his challenge to his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e); and, relatedly, whether his sentence exceeds the 10-year statutory maximum because his prior Louisiana drug convictions no longer qualify as serious drug offenses under the ACCA after *Mathis v. United States*, 136 S. Ct. 2243 (2016).

This court reviews the request to expand the COA under the same criteria that it uses to determine whether to issue a COA.  *United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  Accordingly, this court will grant a motion to expand the COA if the movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court has rejected a constitutional claim on the merits, the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  When a district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

We GRANT Barlow's motion to expand the COA, in part, as reasonable jurists would find it debatable whether the collateral-review waiver bars his claim that his sentence under the ACCA exceeds the statutory mandatory minimum term of imprisonment.  The COA grant is made without any view of the ultimate merit of his underlying ACCA claim.  *See Houser v. Dretke*, 395

No. 18-30994

F.3d 560, 561-62 (5th Cir. 2004).  However, we DENY his motion to expand the COA as to all other issues, as he has not made the showing required to obtain a COA with respect to those claims.  *See Slack*, 589 U.S. at 484.

Insofar as Barlow alleges that the factual basis was insufficient to support his Louisiana convictions, we do not consider that claim as it was raised for the first time here.  *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).  We also do not address Barlow's argument that offenses involving small amounts of marijuana cannot be used for enhancement purposes in light of *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), which was first raised in his post-judgment motion from which he did not timely appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); FED. R. APP. P.  4(a)(4)(B)(ii).

We construe Barlow's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

Accordingly, the motion to expand a COA is GRANTED IN PART and DENIED IN PART; the denial of an evidentiary hearing is AFFIRMED.  The clerk is DIRECTED to establish a briefing schedule, notify the respondent that a COA has been granted, and include the respondent in the briefing schedule.