# United States Court of Appeals
# for the Fifth Circuit

No. 18-60530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Philip Joseph Spear,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-267

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Philip Joseph Spear appeals denial of his 28 U.S.C. § 2255 motion. The district court concluded that Spear's claims of ineffective assistance of counsel were barred by the appeal waiver in his plea agreement. We granted a COA on the issue whether the following claims of ineffective assistance of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60530

counsel are barred by the appeal waiver: whether trial counsel failed to allow Spear to review discovery materials, inform him of upcoming court proceedings, seek a mental evaluation, interview Spear's family members to present evidence rebutting the negative character evidence, and object to the restitution amount.

It is not clear that Spear's briefed claims of ineffective assistance of counsel fall outside the scope of the COA. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997). Because appeal waivers do not implicate this court's jurisdiction, we pretermit the issue here. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006). Because Spear's appeal waiver contains an explicit reservation of his right to raise claims of ineffective assistance of counsel, the district court erred by concluding that the appeal waiver barred such claims. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Thus, because the district court's judgment may be affirmed on any basis supported by the record, the appeal turns on whether Spear's claims of ineffective assistance of counsel were properly denied. *See United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020).

To establish a claim of ineffective assistance of counsel, Spear must show that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 16 (2009). However, a defendant waives any challenge to nonjurisdictional defects in the pre-plea proceedings by entering a valid guilty plea, including ineffective assistance claims other than those related to the validity of the plea. *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019).

2

No. 18-60530

The claim that counsel was ineffective in failing to allow Spear to review discovery was waived by his guilty plea. *See id.* His guilty plea also constitutes a waiver of his claim that counsel failed to prepare him for proceedings, to the extent that he complains about pre-plea proceedings. *See id.* To the extent that he complains about post-plea proceedings, he does not explain what counsel should have said or done to prepare him or how it would have changed the outcome of the proceeding. *See Strickland*, 466 U.S. at 687. Likewise, his guilty plea waived his claim that counsel was deficient for failing to request a mental evaluation. To the extent Spear challenges the voluntariness of his plea based on competency, he does not allege or show that he was incompetent at any relevant stage and does not explain why counsel should have explored his mental health prior to his entry of a guilty plea, and no other reason for such an investigation is apparent. *See Miniel v. Cockrell*, 339 F.3d 331, 345 (5th Cir. 2003). To the extent that he complains about this failure in regard to post-plea proceedings, he has not shown that counsel was put on notice of a mental or psychological condition. *See id.*

Although Spear argues that counsel was ineffective in failing to challenge the order of restitution, he does not provide a basis for challenging the restitution amount or any allegations of prejudice resulting from such a failure. *See Wong*, 558 U.S. at 16; *Strickland*, 466 U.S. at 687. As for the claim that trial counsel was ineffective in failing to call family members as character witnesses, Spear does not identify the witnesses or offer evidence of their proposed testimony and willingness to testify. *See Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007). Spear has failed to establish that he received ineffective assistance of counsel.

The district court's judgment is AFFIRMED.